Sharon WATERS and State Farm Mutual Automobile Insurance Company as subrogee of Sharon Waters, Miranda Wilson, Jamar Waters, Douglas Waters, DaShawn Waters and Joy Waters, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. 69, 2001.

Supreme Court of Delaware.

Submitted: Nov. 20, 2001.
Decided: Dec. 12, 2001.

Diane M. Willette, Esquire (argued) and Thomas P. Leff, Esquire, Casarino, Christman & Shalk, Wilmington, Delaware, for Appellants.

Patricia C. Hannigan, Esquire, Assistant United States Attorney, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH, and BERGER, Justices.

WALSH, Justice.

■ This Court has accepted a certified question of law from the United States District Court for the District of Delaware pursuant to Supreme Court Rule 41(a). The question of law concerns the ability of an insurer that has paid benefits to an insured to recover in subrogation from the United States as a "private individual,"

pursuant to 21 *Del. C.* § 2118(g). We conclude, in answer to the certified question, that, under Delaware law, the insurer does have the right to recover from the United States in subrogation.

## I

The factual basis for certification is taken from the District Court for the District of Delaware's Certification of Question of Law, dated January 2, 2001. Our certification acceptance is limited to these facts. *E.I. DuPont v. Florida Evergreen Foliage,* Del.Supr., 744 A.2d 457, 458 (1999).

Sharon Waters ("Waters") was involved in a motor vehicle accident with a vehicle driven by an employee of the United States. Pursuant to the provisions of her Personal Injury Protection ("PIP") coverage, Waters made a claim to her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), for lost wages and medical expenses resulting from the accident. State Farm paid $23,675.62 in "No Fault" benefits on behalf of Waters, subject to a five hundred dollar deductible. State Farm then brought a claim against the United States in the United States District Court for the District of Delaware to recover payments made to Waters on her behalf.* The United States filed a motion for summary judgment, arguing that no Delaware insurer may recover in subrogation against it since its shield of sovereign immunity did not extend to such claims. Because the issue thus posed invoked an interpretation of state law, the District Court, with the agreement of the parties, requested this Court to accept certification of the following question: "May an insurer that has paid benefits to an insured, under 21 *Del. C.* § 2118(a), recover from a 'private individual' in subroga-

tion, pursuant to 21 *Del. C.* § 2118(g)?" By order dated March 26, 2001, this Court accepted the certified question and the matter was subsequently briefed and argued.

## II

Under the Federal Tort Claims Act, the United States is subject to liability for negligence "in the same manner and to the same extent as a private individual under like circumstances...." 28 *U.S.C.* § 2674. State Farm argues that the United States should be treated as an uninsured motorist for these purposes, because the vehicle operated by its employee is not a Delaware insured vehicle. The United States, on the other hand, argues that because it can show "proof of financial responsibility" it is not uninsured. The United States essentially contends that it is an undefined "individual" which is neither covered by an auto liability fund nor self-insured, but which nonetheless is financially responsible.

The United States argues that 21 *Del. C.* § 2118(g) requires an insurer seek subrogation for PIP benefits from the tortfeasor's liability insurance carrier, thereby forbidding the insurer from seeking subrogation directly from the tortfeasor. In support of this argument, the United States relies on *Harper v. State Farm Mut. Auto Ins. Co.,* Del.Supr., 703 A.2d 136 (1997), in which this Court stated that "Delaware's current No–Fault Insurance Statute no longer permits a claim for subrogation by the PIP insurer against the individual tortfeasor. Instead, the PIP insurer's right of subrogation is limited exclusively to the tortfeasor's liability insurance coverage." *See Harper,* 703 A.2d at

---

* Although Waters joined as a plaintiff in the federal action, State Farm is the party whose subrogation rights are affected by the certified question. Thus for purposes of this proceeding, we will refer to the plaintiffs as "State Farm."

140. State Farm counters that *Harper* was not a decision addressing subrogation rights, but one which determined the statute of limitations applicable to "PIP suits" brought pursuant to 21 *Del. C.* § 2118, and at what point that statute of limitations begins to run. Furthermore, State Farm argues any discussion of subrogation rights was merely *obiter dicta* and does not reflect the considered opinion of the Court on the specific issue of the scope of subrogation.

### III

For the limited purposes of this analysis, the United States can be considered the equivalent of a self-insured entity. While the United States is not technically "self-insured" under the requirements of 21 *Del. C.* § 2904, the United States is a financially responsible entity that provides its employees with financial security at least equivalent to the insurance contemplated by state law pursuant to the Federal Employees Compensation Act. 5 *U.S.C.* § 8101 *et seq.; Safety Ins. Co. v. U.S. Post Office,* D. Mass., 32 F.Supp.2d 484, 485 (1999).

21 *Del. C.* § 2118(g) provides the statutory right to subrogation for payment of PIP benefits. The statute does not define "subrogation," but that term may be interpreted to incorporate the meaning of subrogation that existed at common law, subject to exceptions defined by the statute.

▆ 21 *Del. C.* § 2118(g) states, in pertinent part:

Insurers providing [PIP] benefits ... shall be subrogated to the rights ... of the person for whom benefits are provided, to the extent of the benefits so provided.

(1) Such subrogated rights shall be limited to the maximum amounts of the tortfeasor's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved, except that the insurer providing benefits shall be indemnified by any workers' compensation insurer obligated to make such payments to the injured party.

(6) Unless specifically excepted by this subsection, this subsection shall also apply to self-insurers.

While this section clearly prohibits a PIP insurer from seeking recovery against an individual tortfeasor who has a third party insurer, it is silent with regard to tortfeasors who have no third party insurer. The limitation set by § 2118(g)(1) thus does not apply to self-insured tortfeasors. Rather, to the extent that § 2118(g)(1) is silent, the applicable rule is the general right to subrogation provided for at common law and incorporated into the unambiguous language of § 2118(g).

As the Superior Court noted in *Nationwide Mut. Ins. Co. v. Wooters,* the legislature had several policy goals in mind in enacting the no fault statute, one of which was to hold the tortfeasor liable by granting the insurer a subrogation right. *Nationwide Mut. Ins. Co. v. Wooters,* Del.Super., C.A. No. 93C–02–029, 1996 WL 280778, Bifferato, J. (Jan. 31, 1996), Mem. Op. at 5, *aff'd,* Del.Supr., 682 A.2d 628 (1996). *See also State Farm Mut. Auto Ins. v. Nalbone,* Del.Supr., 569 A.2d 71, 74 (1989) (stating that subrogation will eventually place the loss on the tortfeasor and the policy of deterring negligent conduct is served by making tortfeasors bear the full extent of their acts).

The construction of the statute argued by the United States would lead to a strange result. Section 2118(a) penalizes drivers who fail to obtain insurance by not allowing them to drive. Under the United States' interpretation, however, § 2118(g)(1) rewards such motorists by

shielding them from tort liability. Under this interpretation, uninsured or self-insured motorists could be both relieved from paying insurance premiums and immune from any harm they caused to other motorists. It may be assumed that the Delaware General Assembly did not intend such a result.

Our decision in this case is not restricted by *Harper v. State Farm.* The issue decided by *Harper* concerned the correct statute of limitations, not the right to subrogation. The statement that Delaware law "no longer permits a claim for subrogation by the PIP insurer against the individual tortfeasor..." was made in *dicta,* as part of the rationale rather than the actual holding of the case. The statement therefore does not control the present case.

■ Moreover, our interpretation of Section 2118(g)(1) is not inconsistent with *Harper,* which concerned a suit by an insured against her insurance company. In the context of the facts in *Harper,* the statement made by the Court was accurate. When two parties are involved in an accident, and both are insured, the insurance company does not have "a statutory right of subrogation for reimbursement against the individual tortfeasor...." Although this is the operating paradigm for the vast majority of accidents, it does not apply when one of the parties is self-insured.

Based on the foregoing analysis, we conclude that, under Delaware law, the insurer does have the right to recover from a "private individual" in subrogation. Accordingly, we answer the certified question in the affirmative.

State Farm has advanced, as an alternative argument, that notwithstanding the application of Section 2118(g), it may assert a common law right of subrogation against the United States. We decline to address that contention for two reasons.

First, the certified question seeks our view of State Farm's subrogation rights under the statute, not generally. Secondly, whether the United States is subject to a subrogation claim based solely on common law principles implicates a question of federal law, beyond the jurisdiction of a State court. In any event, our construction of State Farm's entitlement to subrogation under the statute renders unnecessary our interpretation of State Farm's subrogation rights in other respects.