STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, as Subrogee of Vicki K. Sheraton, Appellant/Plaintiff,

v.

Heather L. DANN, Appellee/Defendant.

C.A. No. 00A–09–004–JRJ.

Superior Court of Delaware, New Castle County.

Submitted: Sept. 24, 2001.
Decided: Jan. 29, 2002.

---

Thomas P. Leff, Casarino, Christman & Shalk, Wilmington, for Appellant/Plaintiff, State Farm Mutual Automobile Insurance Company.

Louis J. Rizzo, Jr., Reger & Rizzo, Wilmington, for Appellee/Defendant Heather L. Dann.

## OPINION

JURDEN, J.

This is the Court's decision on appellate review of a decision of the Court of Common Pleas granting Appellee/Defendant's motion to dismiss a subrogation action directed against her as an individual tortfeasor and denying Appellant/Plaintiff's motion to amend the complaint to add the tortfeasor's insurer as a defendant. For the reasons stated below, the decision of the lower court is reversed in part and affirmed in part, and the case is remanded

for consideration consistent with this opinion.

### I. *Procedural and Factual Background*

Appellee/Defendant Heather L. Dann is a resident of the State of Maryland. Her vehicle is registered in Maryland and insured pursuant to Maryland law by State Auto Insurance Company ("State Auto"). Vicki K. Sheraton is a Delaware resident and her vehicle is insured pursuant to Delaware law by Appellant/Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm"). The incident that gave rise to this dispute occurred on March 25, 1998. While stopped at a red light, Sheraton's vehicle was struck in the rear by a vehicle operated by Dann. As a result of the accident, Sheraton suffered personal injuries and consequently State Farm paid personal injury protection ("PIP") benefits on her behalf.

On August 24, 1999, State Farm filed suit against Dann in the Court of Common Pleas to recover the PIP benefits paid on Sheraton's behalf. Dann was served pursuant to the provisions of the Delaware Long–Arm Statute, 10 *Del. C.* § 3112. On March 28, 2000, Dann moved to dismiss the complaint, arguing that under 21 *Del. C.* § 2118 State Farm was permitted to assert a subrogation action only against her liability insurance carrier. In response, State Farm moved to amend the complaint to add Dann's liability insurance carrier and strike Dann as a defendant. Dann opposed the proposed amendments, claiming that the Court lacked personal jurisdiction over her liability insurance carrier.[1] The Court of Common Pleas agreed with Dann, and on August 28, 2000 dismissed the case. The Court of Common Pleas, relying on *Harper v. State Farm Mut. Ins. Co.*,[2] held that State Farm had no common law right of subrogation against Dann, the individual tortfeasor. The lower court, based on *Harper*, determined that State Farm's right to recovery was based exclusively on the No–Fault Statute, 21 *Del. C.* § 2118. In denying State Farm's motion to amend the complaint to add Dann's liability carrier as a defendant, the lower court held that State Farm "failed to carry its burden of demonstrating defendant had sufficient contact with Delaware" to subject it to the Court's jurisdiction.

On September 11, 2000, State Farm filed an appeal with the Superior Court under 10 *Del. C.* § 1326 and Rule 72(b) of the Superior Court Rules of Civil Procedure. A Petition for Certification of Questions of Law to the Supreme Court was jointly filed with the Superior Court on October 18, 2000 regarding (1) whether a no-fault carrier has standing to subrogate directly against the tortfeasor, and (2) whether the Delaware courts may assert jurisdiction over an out-of-state insurance carrier not licensed to do business in Delaware whose insured is involved in a motor vehicle accident in Delaware. On November 14, 2000, the Superior Court certified both questions to the Supreme Court. On March 26, 2001 the Supreme Court refused to accept the certified questions of law pursuant to Supreme Court Rule 41 and referred the case back to the Superior Court for further consideration.

On September 24, 2001 the Superior Court heard oral argument on these two issues. Meanwhile, the United States District Court for the District of Delaware certified the question to the Delaware Supreme Court of whether an insurer who has paid benefits to an insured under 21 *Del. C.* § 2118(a) may recover from a "pri-

---

**1.** *State Farm Mut. Ins. Co. v. Dann,* 2000 WL 33653426 (Del.CCP).

**2.** 703 A.2d 136 (Del.1997).

vate individual" in subrogation, pursuant to 21 *Del. C.* § 2118(g). The Supreme Court accepted the certified question of law and heard oral argument on November 20, 2001.[3] This Court, with the approval of the parties, postponed its decision pending the Supreme Court's determination on this issue. On December 12, 2001, the Supreme Court issued its decision in *Waters v. United States*, holding that an insurer has a right of subrogation against an individual tortfeasor when the tortfeasor is self-insured.[4]

## II. *Standard and Scope of Review*

In reviewing a decision from the Court of Common Pleas, this Court's role is to "correct errors of law and to review the factual findings of the court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[5] The Court may "review de novo questions of law involved in the case."[6]

## III. *Discussion*

### A. *An Insurer's Right to Subrogation Against an Individual Tortfeasor*

■ State Farm argues that the following language in *Harper v. State Farm Mut. Ins. Co.* is *dicta:*

> Delaware's current No–Fault Insurance Statute no longer permits a claim for subrogation by the PIP insurer against the individual tortfeasor. Instead the PIP insurer's right of subrogation is limited exclusively to the tortfeasor's liability insurance coverage.[7]

State Farm correctly points out that the issue decided by *Harper* concerned the correct statute of limitations for PIP claims, not the right to subrogation. State Farm reasons that because the language regarding subrogation rights is *dicta*, it is not controlling here.

The Supreme Court recently addressed this very issue in *Waters v. United States*.[8] In *Waters*, Sharon Waters was involved in a motor vehicle accident with a vehicle driven by an employee of the Untied States. Waters' PIP insurer, State Farm, paid lost wages and medical expenses she incurred as a result of her injuries. State Farm then brought a claim against the United States in the United States District Court for the District of Delaware to recover PIP payments made on behalf of Waters. The United States filed a Motion for Summary Judgment arguing that, in *Harper*, no Delaware insurer may recover in subrogation against it since its shield of sovereign immunity did not extend to such claims. The District Court, with agreement of the parties, requested the Delaware Supreme Court to accept certification of the question whether an insurer that has paid PIP benefits to an insured may recover from a private individual in subrogation pursuant to 21 *Del. C.* § 2118(g).

Relying on *Harper*,[9] the United States argued that 21 *Del. C.* § 2118(g) requires an insurer to seek subrogation for PIP benefits from the tortfeasor's liability insurer, thereby forbidding the PIP insurer from seeking subrogation directly from the tortfeasor. As they argue here, State Farm argued in *Waters* that *Harper* was

3. *Waters v. United States*, 787 A.2d 71, 2001 WL 1636691 (Del.Supr.).

4. *Id.*

5. *Steelman v. State*, 2000 WL 972663 at *3 (Del.Super.).

6. *Ensminger v. Merritt Marine Const., Inc.*, 597 A.2d 854, 855 (Del.Super.1988).

7. 703 A.2d at 140.

8. 787 A.2d 71, 2001 WL 1636691 (Del.Supr.)

9. 703 A.2d at 136 (Del.1997).

not a decision addressing subrogation rights, but rather determined the statute of limitations applicable to PIP suits brought pursuant to 21 *Del. C.* § 2118. State Farm argued in *Waters,* and argues here, that any discussion in *Harper* of subrogation rights is *dicta* and does not control the issue of scope of subrogation. State Farm is correct that subrogation language in *Harper* is *dicta.* The Supreme Court in *Waters* held:

> The statement that Delaware law "no longer permits a claim for subrogation by the PIP insurer against the individual tortfeasor..." [made in *Harper*] was made in *dicta,* as part of the rationale rather than the actual holding of the case.[10]

State Farm is incorrect, however, that the subrogation language in *Harper* does not control here. In *Waters* the Supreme Court held:

> In the context of the facts in *Harper,* the statement made by the Court [concerning subrogation rights] was accurate. When two parties are involved in an accident, and both are insured, the insurance company does not have "a statutory right of subrogation for reimbursement against the individual tortfeasor....." Although this is the operating paradigm for the vast majority of Accidents, it does not apply when one of the parties is self-insured.[11]

Finding that the Untied States was self-insured, the Court in *Waters* concluded that State Farm had the right to recover from the United States in subrogation.

The Court finds that *Harper* and *Waters* together control the subrogation issue in the case at bar. The Supreme Court made it clear that the language in *Harper* on subrogation applies *when the tortfeasor is insured.* Dann is insured by State Auto. Thus, under *Harper* and *Waters,* State Farm may not recover from Dann the PIP monies paid on behalf of its insured.

**B.** *Personal Jurisdiction Over a Foreign Corporation Not Licensed to Transact Business in Delaware*

The Court of Common Pleas denied State Farm's motion to amend the complaint to include State Auto as a defendant on the ground there was insufficient contact between State Auto and Delaware to sustain personal jurisdiction. The determination of whether Delaware courts have personal jurisdiction over a non-resident requires a two-step analysis.[12] First, the Court must ascertain if the provisions of the Delaware Long–Arm Statute apply. Second, the Court must determine whether subjecting a non-resident defendant to jurisdiction in Delaware violates the due process clause of the Fourteenth Amendment to the U.S. Constitution.

A non-resident defendant is subject to personal jurisdiction in Delaware when that person:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or

---

**10.** *Waters,* 787 A.2d 71, 74 (Del.Supr.).

**11.** *Id.*

**12.** 10 *Del. C.* § 3104(c)(6); *Hoechst Celanese Corp. v. National Union Fire Ins. Co.,* 1991 WL 190313 at *1 (Del.Super.).

derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or as a surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[13]

■ Delaware's Long–Arm Statute is a "single act" statute, meaning that jurisdiction can be imposed on a non-resident defendant who engages in a single transaction in the forum state.[14] The statute is to be construed liberally, particularly subsection (c), thus favoring the exercise of jurisdiction.[15] Substantive rights of the defendant are not altered by virtue of the statute; rather, the Long–Arm Statute merely identifies a jurisdiction for purposes of resolving a dispute.[16]

Dann argues that State Farm has no right to recover against her because the terms of the No–Fault Statute apply only to motor vehicles required to be registered in Delaware. The Court disagrees. The clear language of the No–Fault Statute mandates that *nonresidents who choose to operate their vehicles in Delaware* maintain the minimum automobile insurance required by the State in which their vehicles are registered.[17]

Dann's reliance on *Nationwide Ins. Co. v. Battaglia*[18] is also misplaced. *Battaglia*

stands for the proposition that Delaware PIP requirements do not bind insurers of out-of-state vehicles. *Battaglia* has no bearing on whether an insurer may recover payments made on behalf of its insured from the tortfeasor's out-of-state insurance company.

■ Dann further asserts that Delaware lacks jurisdiction over State Auto because State Auto is not licensed to do business in Delaware, does not transact business, perform work or service within the State, and does not meet any other of the statutory conditions set forth in the Long–Arm Statute. The Court disagrees. In *Tri–State Motor Transit Co. v. Intermodal Transportation*,[19] the defendant's insurance company became insolvent and insurance coverage was assumed by the Ohio Insurance Guaranty Association ("OIGA"). Although OIGA was not a named party in the personal injury suit against the tortfeasor, the Court determined that it was responsible for the acts of its insured when that party operated a motor vehicle on Delaware roads and was involved in an accident. Accordingly, the Court held that OIGA was subject to jurisdiction in Delaware and was a real party in interest, notwithstanding the fact that it was an unincorporated association of the State of Ohio that neither wrote nor issued policies in this State and had no other contact with Delaware. The Court in *Tri–State* held, "[i]n the present case, the single, direct, specific contact which is enough to allow jurisdiction in the Delaware courts

---

13. 10 *Del. C.* § 3104(c).

14. *Transportes Aereos de Angola v. Ronair, Inc.,* 544 F.Supp. 858 (D.Del.1982).

15. *Waters v. Deutz Corp.,* 460 A.2d 1332 (Del.Super.1983); *Mobil Oil Corp. v. Advanced Envtl. Recycling Technologies, Inc.,* 833 F.Supp. 437 (D.Del.1993).

16. *Eudaily v. Harmon,* 420 A.2d 1175 (Del. 1980).

17. 21 *Del. C.* § 2118(b).

18. *Nationwide Ins. Co. v. Battaglia,* 410 A.2d 1017 (Del.1980).

19. 1991 WL 1172907 (Del.Super.).

is clear; the tort occurred in Delaware." [20] Likewise, the single act which rendered State Auto subject to jurisdiction in Delaware occurred on March 25, 1998, when State Auto's insured, Dann, while driving in Delaware, collided with Sheraton's vehicle.

■ Having determined the Long–Arm Statute applies, the Court must next ascertain if the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." [21] Whether the exercise of jurisdiction comports with due process considerations turns on the relationship among the defendant, the forum and the litigation. [22] Physical presence in the forum state by the nonresident is not determinative for personal jurisdiction. [23] As the *Tri–State* Court held:

> In minimum contacts analyses, the minimum contacts can be broken up into two types—specific contacts and general contacts. Specific contacts are worth more than a general contact...with a general contact having to be one which is continuous and systematic in order to be significant in such analyses. [24]

In the case at bar, the Court of Common Pleas determined it did not have jurisdiction because State Auto has not written, attempted to write, or transacted business in Delaware. However, a single, specific contact, such as a tort committed in Delaware, has been held sufficient to confer personal jurisdiction over the tortfeasor and his insurer in the Delaware courts. [25] Another component of the minimum contacts test is foreseeability. [26] In other words, could the defendant reasonably foresee being "haled into court" in the Delaware forum? [27] The Court finds that State Auto could and should reasonably foresee it would be haled into Court in Delaware. The very nature of liability insurance contemplates that an insured will leave the confines of the state in which it was purchased and venture onto out-of-state roads on which motor vehicle accidents can and do occur.

Therefore, contrary to the holding of the lower Court, this Court finds minimum contacts sufficient to satisfy due process considerations between State Auto, the State of Delaware and this litigation. Because State Auto is properly subject to the jurisdiction of the Delaware Courts in this case, the decision of the Court of Common Pleas denying State Farm's motion to amend the complaint is reversed and the case remanded for consideration consistent with this decision.

### IV. *Conclusion*

For the foregoing reasons, the Court concludes that State Farm has no right of subrogation against Dann but that Dann's insurer, State Auto, is subject to the juris-

---

20. *Id.* at *5.

21. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

22. *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

23. *Wilmington Supply Co. v. Worth Plumbing & Heating, Inc.,* 505 F.Supp. 777 (D.Del. 1980).

24. *Tri–State Motor Transit Co. v. Intermodal Transportation, Inc.,* 1991 WL 1172907 (Del.Super.).

25. *Id.* at *6.

26. *Id.*

27. *Id.*

diction of the Delaware Courts. Accordingly, the decision of the Court of Common Pleas granting Dann's Motion to Dismiss is **GRANTED,** and its decision denying State Farm's Motion to Amend the complaint is **REVERSED AND REMANDED** for consideration consistent with this decision.

**IT IS SO ORDERED.**