# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

MARTINA URIBE and )
CARLOTA URIBE, )
 )
    Appellants, ) C.A. No. N13A-09-014 CLS
 )
v. )
 )
MARYLAND AUTOMOBILE )
INSURANCE FUND, )
 )
    Appellee. )

Date Submitted: June 2, 2014
Date Decided: September 30, 2014

On Appeal of the Decision of the Court of Common Pleas. **AFFIRMED.**

## <u>ORDER</u>

Andres Gutierrez de Cos, Esq., Andres de Cos, LLC, Wilmington, Delaware 19808. Attorney for Appellant.

Thomas J. Gerard, Esq. and Art C. Aranilla, Esq., Marshall Dennehey Warner Coleman & Goggin. Wilmington, Delaware 19899. Attorneys for Appellees.

**Scott, J.**

## Introduction

Before the Court is Appellants/Plaintiffs-below Martina Uribe and Carlota Uribe's ("Appellants") appeal from the decision of the Court of Common Pleas granting Appellee/Defendant-below Maryland Automobile Insurance Fund's ("MAIF") motion to dismiss for lack of personal jurisdiction. The Court has reviewed the parties' submissions and the record below. For the following reasons, the decision of the Court of Common Pleas is **AFFIRMED**.

## Background

On April 12, 2013, the Appellants, two Delaware residents occupying the same vehicle, were involved in an automobile accident in Delaware. The vehicle was owed by Appellants' sister, Ofelia Contreras, and insured by MAIF. MAIF is an agency of the State of Maryland which performs a government function[1] and was created in order to provide insurance to "to those eligible persons that are unable to obtain it from an"[2] "insurer that is licensed to write motor vehicle liability insurance or motor vehicle physical damage insurance in [Maryland]."[3] When Ofelia Contreras obtained insurance through MAIF, she signed a waiver declining Personal Injury Protection ("PIP") coverage.

---

[1] *Harrison v. Motor Vehicle Admin.*, 490 A.2d 694, 701 (1985).
[2] Md. Code Ann., Ins. § 20-301.
[3] Md. Code Ann., Ins. § 20-101.

On June 26, 2013, the Appellants filed suit in the Court of Common Pleas against MAIF to recover PIP benefits under Delaware's No-Fault Statute, 21 *Del. C.* § 2118, for the injuries that they suffered as a result of the accident. On August 7, 2013, MAIF filed a Motion to Quash and Dismiss arguing that Appellants had failed to show that the court could exercise personal jurisdiction over MAIF. On August 23, 2013, the Court of Common Pleas heard oral argument. On September 23, 2013, the court granted the motion and this appeal followed.

## Issues on Appeal

Appellants argue that the Court of Common Pleas improperly held that MAIF was not subject to personal jurisdiction in Delaware because MAIF had sufficient minimum contacts with Delaware. According to Appellants, the fact that the accident occurred in Delaware satisfies the requirements of Delaware's Long-Arm Statute, 10 *Del. C.* § 3104. Appellants also assert that MAIF's other contacts with Delaware include: deriving revenue from Delaware because its policies do not prohibit its insureds from driving in Delaware, previously filing actions against Delaware residents in Delaware courts, inspecting and adjusting claims in Delaware, submitting filings to the New Castle County Recorder of Deeds, and the alleged imputed ownership of property in Delaware owned by the

3

State of Maryland.[4]  Appellants argue that, since the policy at issue was issued in Elkton, Maryland, MAIF could anticipate that its insureds would operate the vehicle in Delaware.  Based on these factors, Appellants contend that it was foreseeable to MAIF that it could be haled into a Delaware court.  Appellants also assert that, by avoiding the jurisdiction of a Delaware court, MAIF is essentially abandoning its insureds and violating Delaware's No-Fault Statute.[5]

MAIF argues that the decision of the Court of Common Pleas should be affirmed for two reasons.  First, MAIF argues that Appellants lack standing to sue because they do not fall within the persons eligible for benefits under § 2118.  Second, MAIF argues that Appellants failed to meet their burden to show that MAIF had sufficient contacts with Delaware or that the court's exercise of personal jurisdiction was foreseeable.  MAIF contends that neither the mere filing before the Recorder of Deeds or Maryland's ownership of property in Delaware constitutes MAIF's

---

[4] Appellants argue that the State of Maryland's ownership of Delaware property should be imputed to MAIF as a state agency.

[5] Appellants base this argument upon § 2118(b), which states, in pertinent part:

> No owner of a motor vehicle being operated in this State shall operate in this State, or authorize any other person to operate such vehicle in this State, unless the owner has insurance on such motor vehicle equal to the minimum insurance required by the state or jurisdiction where said vehicle is registered. If the state or jurisdiction of registration requires no minimum insurance coverage, then such owner must have insurance on such motor vehicle equal to the minimum insurance coverage required for motor vehicles registered in this State.

sufficient contact with Delaware. Lastly, MAIF asserts that, since Ofelia Contreras signed a PIP waiver, MAIF could not foresee being haled into a Delaware court to pay PIP benefits.

## Standard of Review

When this Court reviews a decision of the Court of Common Pleas, "[its] role is to 'correct errors of law and to review the factual findings of the court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process.'"[6] Questions of law are reviewed *de novo*.[7]

## Discussion

Courts conduct a two-part analysis in order to determine whether a nonresident may be subject to personal jurisdiction by a Delaware court.[8] First, the court must consider whether the provisions of Delaware's Long Arm Statute, 10 *Del. C.* § 3104, confer jurisdiction.[9] Section 3104(c) allows the

> court [to] exercise personal jurisdiction over any nonresident, or a
> personal representative, who in person or through an agent:

---

[6] *State Farm Mut. Auto. Ins. Co. v. Dann*, 794 A.2d 42, 45 (Del. Super. Jan 29, 2002) (quoting *Steelman v. State,* 2000 WL 972663 at *3 (Del.Super.)).
[7] *Id.* (quoting *Ensminger v. Merritt Marine Const., Inc.,* 597 A.2d 854, 855 (Del.Super.1988)).
[8] *Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd.*, 611 A.2d 476, 480 (Del. 1992).
[9] *Id.*

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[10]

This section "is to be broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause."[11] Even a single act or transaction in this state may subject a nonresident to the jurisdiction of a Delaware court.[12] This Court has explained that

Subsections (c)(1), (c)(2), (c)(3), (c)(5), and (c)(6) of the statute require a showing of specific jurisdiction, where the cause of action arises from acts or omissions taking place in Delaware. Subsection (c)(4), however, requires a showing of general jurisdiction, where Plaintiff's claims are unconnected with the nonresidents' activities. General jurisdiction requires more than minimum contacts with the

---

[10] § 3104(c)(1)-(6).
[11] *Hercules Inc.,* 611 A.2d at 480.
[12] *Dann*, 794 A.2d at 47.

forum state, a showing that defendant or its agent is 'generally present' in the forum state is sufficient.[13]

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make "a prima facie showing that jurisdiction is conferred by statute."[14] After determining whether the Long-Arm Statute confers jurisdiction, the second step that the court must take is to determine whether subjecting the nonresident to its jurisdiction violates the Due Process Clause.[15] "The Due Process Clause of the Fourteenth Amendment requires that a nonresident defendant have such minimum contacts with the forum state so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[16] The nonresident defendant's "conduct and connection with the forum state must be such that [the defendant] should 'reasonably anticipate being haled into court there.'"[17]

The Court of Common Pleas correctly found that it lacked personal jurisdiction over MAIF because Appellants failed to make a prima facie

---

[13] *Naples v. Diocese of Trenton,* 2010 WL 1731827, at *2 (Del. Super. Apr. 29, 2010); *Tri-State Motor Transit Co. v. Intermodal Trans., Inc.*, 1991 WL 1172907, at *6 (Del. Super. Jun. 3, 1991)("Specific contacts are worth more than a general contact in minimum contacts analyses with a general contact having to be one which is 'continuous and systematic' in order to be significant in such analyses").

[14] *Daily Underwriters of America v. Maryland Auto. Ins. Fund,* 2008 WL 3485807, at *2 (Del. Super. Jul. 31, 2008).

[15] *Hercules Inc.*, 611 A.2d at 480.

[16] *Naples*, 2010 WL 1731827 at *3 (quoting *Int'l Shoe Co. v. State of Washington,* 326 U.S 310, 316 (1945)).

[17] *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

7

showing that the provisions of the Long-Arm Statute apply to MAIF. MAIF's filings with the Recorder of Deeds, actions against Delaware residents in Delaware courts, or adjusting and inspecting claims in Delaware do not amount to the specific jurisdiction required to constitute the transaction of business under § 3104(c)(1). In other words, Appellants did not show that those acts gave rise to this cause of action. Likewise, Appellants did not show that the State of Maryland's ownership of property in Delaware gave rise to this action pursuant to subsection (c)(5) nor did they present authority supporting their contention that Maryland's ownership of property should be imputed to MAIF. Furthermore, Appellants failed to allege that MAIF or its agents caused any tortious injuries through its acts or omissions under subsection (c)(3) or subsection (c)(4).

Appellants argue that, because the collision occurred in Delaware, that alone constitutes the single act which subjected MAIF to personal jurisdiction under the Long-Arm Statute. Appellants support this argument with this Court's holdings in *State Farm Auto. Ins. Co. v. Dann*[18] and *Tri-State Motor Transit Co. v. Intermodal Transportation, Inc.*[19] In *Tri-State Motor Transit Co.,* a truck owned by Intermodal Transportation, Inc. ("Intermodal") and insured by Allied Fidelity Insurance Company ("Allied")

[18] 794 A.2d 42.
[19] 1991 WL 1172907.

was involved in a multi-vehicle accident in Delaware.[20] When Allied became insolvent, a nonprofit, unincorporated association created under the Ohio Guaranty Association Act assumed Allied's insurance coverage as required by an Ohio statute. In a declaratory judgment action, the Ohio association argued that it did not meet the requirements of Delaware's Long-Arm Statute.[21] The Court found that "[b]y stepping into the shoes of Allied Fidelity Insurance Company, [the Ohio association], although not an insurance company, was responsible for Allied's obligation."[22] Based on that relationship, the Court held that "the single, direct, specific contact which is enough to allow jurisdiction in the Delaware courts is clear; the tort occurred in Delaware."[23] The Court also held that "it was foreseeable that Intermodal, a transportation corporation, engaged in interstate transportation, could be involved in an accident in… Delaware… [and] that Intermodal would be haled into Court as a result of its tortious conduct on the roads of Delaware…"[24]

In *Dann*, a Delaware resident was operating a vehicle insured under Delaware law by State Farm when she was struck in the rear by a Maryland resident operating a vehicle registered in Maryland and insured by State

---

[20]*Id.* at 1.
[21]*Id.*
[22]*Id.* at *5.
[23] *Id.* at *6.
[24] *Id.*

Auto Insurance Company ("State Auto") under Maryland law.[25] State Auto was not licensed to do to business in Delaware. After paying PIP benefits to the Delaware resident, State Farm filed a suit against the Maryland resident to recover the PIP benefits. When the Maryland resident moved to dismiss the complaint, arguing that State Farm could only recover through her insurer under a subrogation claim, State Farm moved to add State Auto to the complaint and to strike the Maryland resident from the action. Although the Court of Common Pleas found that State Farm was required to seek a subrogation claim against MAIF, it held that State Farm failed to show that the court could exercise personal jurisdiction over State Auto.[26]

Upon appeal, this Court, relying on its decision in *Tri-State Motor Transit Co.*, disagreed with the lower court's refusal to exercise personal jurisdiction and held that "the single act which rendered State Auto subject to jurisdiction in Delaware occurred…when State Auto's insured [], while driving in Delaware, collided with [the Delaware resident's] vehicle."[27] The Court also found that State Auto had sufficient minimum contacts with Delaware, despite "not writ[ing], attempt[ing] to write, or transact[ing] business in Delaware."[28] The Court stated that it was reasonably foreseeable

---

[25] *Dann*, 794 A.2d at 44.
[26] *Id.*
[27] *Id.* at 48.
[28] *Id.*

to State Auto that it could be haled into a Delaware court because "[t]he very nature of liability insurance contemplates that an insured will leave the confines of the state in which it was purchased and venture onto out-of-state roads on which motor vehicle accidents can and do occur."[29]

MAIF argues that this Court's decision in *Daily Underwriters v. Maryland Auto. Ins. Fund*[30] is controlling. However, Appellants argue that the holding in *Daily Underwriters* was limited to the subrogation context. The Court does not find this argument to be persuasive since the jurisdictional holding in *Dann* was based on whether the nonresident insurer could be added to the action under a claim for subrogation. In *Daily Underwriters,* a tortfeasor who was insured by MAIF, collided with the occupant of a vehicle insured by Daily Underwriters after failing to remain stopped at a stop sign in Delaware.[31] Daily Underwriters paid PIP benefits to its insured for the injuries suffered from the accident and sought subrogation against MAIF.[32] When MAIF moved to dismiss for lack of personal jurisdiction, the Court held that Daily Underwriters failed to show that any of the provisions long-arm statute subjected MAIF to personal jurisdiction since "neither Defendant nor any agent or representative caused

---

[29] *Id.*
[30] 2008 WL 3485807.
[31] *Id.* at *1.
[32] *Id.*

11

tortious injury in Delaware."[33]  The Court compared the facts before it to the facts in *Tri-State Motor Transit, Co., Dann*, and two cases from other jurisdictions to reach its conclusion that MAIF lacked sufficient minimum contacts with Delaware.[34]  For example, the Court distinguished the MAIF from the Ohio association in *Tri-State Motor Transit, Co.* because MAIF was not statutorily obligated to step into the shoes of an insurer which was subject to Delaware's jurisdiction.[35]  The Court also found that MAIF could not foresee that it could be haled into court in Delaware for the subrogation suit because Maryland statutory law prohibited subrogation claims against MAIF.[36]

While this case is not an action for subrogation, the Court finds its decision in *Daily Underwriters* to be instructive here.  As the Court explained in *Daily Underwriters,* MAIF is unlike the Ohio association in *Tri-State Motor Transit Co.* because MAIF was not statutorily created to step into the shoes of an insurer whose insured was involved in tortious conduct in Delaware.  Appellants did not assert that MAIF or its agents committed any acts or omissions resulting in tortious injury in Delaware or

---

[33] *Id*. at *3.

[34] *New York Central Mut.Ins. Co. v. Johnson,* 260 A.2d 638 (N.Y.A.D. 2 Dept.1999); *Colmon v. Maryland Auto. Ins. Fund,* 574 A.2d 628 (Pa.Super.1990)(holding that MAIF lacked sufficient contacts with Pennsylvania in a claim by a Pennsylvania resident against MAIF for first-party benefits).

[35] *Daily Underwriters*, 2008 WL 3485807 at * 5.

[36] *Id.*  at *5-6.

that a tort occurred in this case. MAIF is not licensed to do business in Delaware and does not write insurance in Delaware. As for Appellants argument that MAIF has sufficient contacts with Delaware because it receives substantial revenue from Delaware based on its failure to exclude driving in Delaware from its policies, the Court agrees with the court's finding in *New York Central Mutual Ins. Co. v. Johnson,*[37] a New York cased considered by this Court in *Daily Underwriters*, that "[t]he fact that MAIF derived a collateral economic benefit from [this forum state] from the collection of premiums calculated upon nationwide risks is also insufficient to confer personal jurisdiction over MAIF under [the] long-arm statute."[38] Appellants failed to meet their burden to show that the provisions of the Long-Arm Statute applied to MAIF in this case. Moreover, MAIF could not reasonably foresee being haled into a Delaware court to pay PIP coverage, especially since its insured signed a PIP waiver. Thus, the Court of Common Pleas correctly determined that it lacked personal jurisdiction over MAIF.

## Conclusion

For the aforementioned reasons, the decision of the Court of

---

[37] 260 A.2d 638.
[38] *Id.* at 639.

Common Pleas is **AFFIRMED.**

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**
