# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CRAIG DONALDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N21C-10-203 CLS |
| PROGRESSIVE ADVANCED | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Submitted: January 15, 2022
Date Decided: March 29, 2022

*Upon Defendant's Motion to Dismiss.* **GRANTED.**

## ORDER

Lawrance Spiller Kimmel, Esquire and Amanda K. Dobies, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, Newark, Delaware, 19702, Attorney for Plaintiff, Craig Donaldson.

Anthony N. Forcina,, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, 19899, Attorney for Defendant, Progressive Advanced Insurance Company.

**SCOTT, J.**

This 29th day of March 2022, upon consideration of Defendant Progressive Advanced Insurance Company's ("Progressive") Motion to Dismiss for Lack of Personal Jurisdiction, and Plaintiff Craig Donaldson's ("Mr. Donaldson") Response, it appears to the Court that:

1. Mr. Donaldson filed a Declaratory Judgment Complaint, seeking the Court find he is entitled to personal injury protection ("PIP") benefits equal to the minimum coverage for motorcyclists mandated by Delaware law.

2. Mr. Donaldson, who is insured by a Pennsylvania policy, was involved in an accident while on his motorcycle in the State of Delaware. Pennsylvania does not require PIP for motorcyclists.

3. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a prima facie showing that the defendant is amenable to the jurisdiction of a Delaware court, pursuant to Delaware's long-arm statute.[1] The Court must accept the plaintiff's allegations as true and draw all reasonable inferences in favor of the plaintiff.[2] Additionally, the Court is not

---

[1] *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1154 (Del.Super.1997).
[2] *Id.* at 1155; *Aeroglobal Capital Management, LLC v. Cirrus Indus., Inc.*, 2003 WL 77007, *3 (Del.Super.).

2

limited to the pleadings and may consider affidavits, briefs, and the results of discovery.[3]

4. Jurisdiction exists by way of general jurisdiction or specific jurisdiction. General jurisdiction exists when a defendant is "essentially at home" in the forum state.[4] To meet this standard, "a defendant's contacts with the forum state are ... 'continuous and systematic'"[5] Specific jurisdiction over a defendant exists when a case "arises out of or relates to the defendant's contacts with the forum."[6] To determine whether this standard is met, Delaware courts apply a two-prong analysis.[7] First, the Court "must determine whether Delaware's long-arm statute, 10 Del. C. § 3104(c), is applicable."[8] Second, if the first prong of the analysis is met, the Court then

---

[3] *Hartsel v. Vanguard Group, Inc.*, 2011 WL 2421003, *7 (Del. Ch.) *aff'd*, 38 A.3d 1254 (Del.2012) *cert. denied*, 133 S.Ct. 32 (2012).

[4] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).

[5] *Dunfee v. KGL Holdings Riverfront, LLC*, 2017 WL 6000495, at *4 (Del. Super. Nov. 29, 2017) (quoting *Goodyear*, 564 U.S. at 919; citing *Genuine Parts v. Cepec*, 137 A.3d 123, 130 (Del. 2016)).

[6] *Dunfee*, 2017 WL 6000495, at *4 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 119, 134 S. Ct. 746, 750, 187 L. Ed. 2d 624 (2014); citing Genuine Parts, 137 A.3d at 130; *Bristol–Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1780 (2017); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)).

[7] *Herman v. BRP, Inc.*, 2015 WL 1733805, at *3 (Del. Super. Apr. 13, 2015) (citing *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus.*, Inc., 871 A.2d 428, 437 (Del. 2005)).

[8] *White v. Sharabati*, 2019 WL 2897913, at *1 (Del. Super. July 2, 2019) (citing *Herman*, 2015 WL 1733805, at *3). See 10 Del. C. § 3104(c)

3

"must consider whether subjecting the nonresident to jurisdiction in Delaware violates the Due Process Clause of the Fourteenth Amendment."[9]

5. Delaware's long-arm statute lists six circumstances under which any nonresident or personal representative thereof, who in person or through an agent, is considered amenable to the jurisdiction of Delaware courts.[10] The statute is a "single act," meaning jurisdiction may be imposed on non-resident defendant who engages in a single transaction in the State of Delaware.[11] The statute is also "broadly construed to confer jurisdiction to the maximum extent possible under the due process clause."[12]

6. Progressive relies on *Eaton v. Allstate and Cas. Ins. Co.* and *Rosado v. State Farm Mut. Ins. Co.* to argue this Court does not have general or specific

---

[9] *Id.* (quoting *Herman*, 2015 WL 1733805, at *3)
[10] 10 Del. C. §§ 3104(b) and 3014(c).
Those six circumstances include if the non-resident defendant: (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in this State; (3) Causes tortious injury in the State by an act or omission in this State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State; (5) Has an interest in, uses or possesses real property in the State; or (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.
[11] *State Farm Mut. Auto. Ins. Co. v. Dann*, 794 A.2d 42, 47 (Del. Super. Ct. 2002).
[12] *Aeroglobal Capital Management*, 2003 WL 77007 at *4.

4

personal jurisdiction over it. In *Eaton*, a North Carolina resident plaintiff was insured by a North Carolina issued policy was involved in an accident on Delaware roads.[13] The plaintiff filed suit in Delaware seeking underinsured motorist benefits from the insurance company.[14] When the insurance company filed a motion to dismiss for lack of personal jurisdiction, the Court concluded it had no general personal jurisdiction over the insurance company because there was no other connection to Delaware "other than 'doing business'" here.[15] Moving to specific jurisdiction, the plaintiff argued under 10 Del. C. § 3104(c)(3), the defendant caused a tortious injury in the State by an act or omission in Delaware because he suffered tortious injury which occurred because of the accident in Delaware. The Court found the basis of plaintiff's claim against Allstate did not arise out of the accident, rather it arose from the contractual obligation owed by the insurance company.[16] Because there was no germane connection to Delaware stemming from the duty of the insurance contract, the court determined the Plaintiff was unable to establish specific personal jurisdiction.[17]

---

[13] *Eaton v. Allstate Prop. & Cas. Ins. Co.*, 2021 WL 3662451, at *1 (Del. Super. Ct. Apr. 28, 2021)
[14] *Id.*
[15] *Id.*
[16] *Id.* at *2
[17] *Id.* at *3

7. In *Rosado*, this Court granted an insurance company's motion to dismiss for lack of personal jurisdiction. In that case, the plaintiff was a resident of Maryland, and was insured by an Illinois incorporated insurance company and by way of a contract, signed and executed in Maryland, including underinsured motorist coverage.[18] The car accident at issue took place in Maryland with a tortfeasor who was described as a resident of Delaware and Maryland.[19] Thus, the Court found that the only relationship between Delaware and the defendant was that the tortfeasor may have been a Delaware resident.[20] On this basis, the Court found that Plaintiff sought to bring the insurance company into a Delaware Court based on conduct that was unrelated to Delaware.[21] The Court concluded that it lacked personal jurisdiction, both general and specific, over the insurance company.

8. Mr. Donaldson argues this Court has general jurisdiction over Progressive because it is licensed to do business in Delaware, performs work or service within the State and transacts business in Delaware. Mr. Donaldson further

---

[18] *Rosado v. State Farm Mut. Ins. Co.*, 2020 WL 3887880, at *1 (Del. Super. July 9, 2020).
[19] *Id.*
[20] *Id.*
[21] *Id.*

argues these facts fall under 10 Del. C. § 3104(c)(4) because the company solicits business or derives substantial revenue from the State.

8. *Eaton* and *Rosado* contain similar facts to this one. First, like the previous cases, Plaintiff's only argument for general jurisdiction is Progressive does business in Delaware and simply "doing business" is not enough to raise a credible argument that this Court can properly exercise general jurisdiction over Progressive. Therefore, the Court cannot properly exercise general jurisdiction over Progressive in this case.

9. Regarding specific jurisdiction, this claim arises out of Progressive's contractual obligations relating to a contract executed in the Commonwealth of Pennsylvania. Like the previous cases and this one, the claim arose out of contractual disputes, the policy provision in question is the Out-Of-State coverage.[22] The Out-Of-State Coverage contractually obligates Progressive

---

[22] OUT-OF-STATE COVERAGE
If an accident to which this Part I applies occurs in any state, territory, or possession of the United States of America or any province or territory of Canada, other than the one in which a covered motorcycle is principally garaged, and the state, province, territory, or possession has:
1. a financial responsibility or similar law requiring limits of liability for bodily injury or property damage higher than the limits shown on the declarations page, this policy will provide the higher limits; or
2. a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses a motorcycle in that state, province, territory, or possession, this policy will provide the greater of:
  a. the required minimum amounts and types of coverage; or

to provide the "required minimum and types of coverage" when the covered vehicle is involved in accidents occurring in states which require non-resident drivers to maintain insurance when operating the vehicle in that state. In *Eaton* and *Rosado*, both plaintiff's arguments for specific jurisdiction were founded in 10 Del. C. § 3104(c)(3), while Mr. Donaldson's argument for specific jurisdiction is found in 10 Del. C. § 3104(c)(4). The previous decisions are still instructive. 10 Del. C. § 3104(c)(3) allows for personal jurisdiction of a non-resident when he "causes tortious injury in the State by an act or omission in this State" and 10 Del. C. § 3104(c)(4) allows for personal jurisdiction of a non-resident when "causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." The language this Court focuses on is "causes tortious injury in the State by an act or omission in this State." In *Eaton*, this Court found that even if an insured was in an accident in Delaware, the basis of their claim against their insurance company is not for the accident, it is for the contractual obligations the insured is owed. Therefore, there was no tortious injury in the State caused by an act or omission in this State. In

---

b. the limits of liability under this policy.

8

this case, the only consideration is Progressive's duty to perform under the contract, which does not have a germane connection to Delaware. For these reasons, the Court may not exercise specific jurisdiction over Progressive.

For the foregoing reasons, Progressive's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**