IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES E. BERRY, | § | |
| | § | No. 155, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24C-09-033 |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: November 12, 2025
Decided: December 18, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     James Berry, a Maryland resident, appeals from the Superior Court's order dismissing his complaint against State Farm Mutual Automobile Insurance Company ("State Farm") for lack of personal jurisdiction. Berry was injured in an automobile collision in Delaware and sought underinsured motorist ("UIM") benefits under a Maryland automobile policy issued to him by State Farm. The Superior Court held that Delaware's long-arm statute, 10 *Del. C.* § 3104(c), does not

confer specific jurisdiction over State Farm for Berry's first-party UIM claim.[1]  We affirm the dismissal of Berry's complaint.

(2)     On December 6, 2021, Berry was injured in an automobile accident in Delaware.  At the time of the accident, Berry resided in Maryland, and his vehicle was insured under a Maryland State Farm policy that provided UIM coverage for accidents occurring anywhere in the United States.  The tortfeasor's insurer paid its $25,000 policy limit to settle Berry's claims.  State Farm consented to that settlement and acknowledged Berry's right to pursue a UIM claim under his policy.  Berry then filed this action in the Superior Court seeking UIM benefits, and State Farm moved to dismiss for lack of personal jurisdiction.  The Superior Court granted the motion, relying primarily on *Eaton v. Allstate Property & Casualty Insurance Co.* to conclude that Berry's claim arose from an out-of-state insurance contract rather than any tortious conduct by State Farm in Delaware.[2]

(3)     We review issues of personal jurisdiction *de novo*.[3]  Berry bears the burden of establishing a statutory basis for jurisdiction.[4]  Delaware courts apply a two-step analysis to determine whether they may validly exercise jurisdiction over

---

[1] *Berry v. State Farm Mut. Auto. Ins. Co.*, 2025 WL 986819, at *3 (Del. Super. Apr. 2, 2025).

[2] *Id.* at *2 (relying on *Eaton v. Allstate Property & Casualty Ins. Co.*, 2021 WL 3662451 (Del. Super. Apr. 28, 2021)).

[3] *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 129 (Del. 2016).

[4] *AeroGlobal Capital Management, LLC v. Cirrus Industries, Inc.*, 871 A.2d 428, 437 (Del. 2005).

a party. First, the plaintiff must show that the defendant's conduct falls within Delaware's long-arm statute; only if that showing is made do we consider whether the exercise of jurisdiction comports with due process.[5] Because we conclude that Section 3104(c) does not confer jurisdiction over State Farm in this case, we do not reach the constitutional question.

(4) Berry first argues that Section 3104(c)(3) confers specific jurisdiction because his UIM claim "arises from" a tortious injury in Delaware and because State Farm "stands in the shoes" of the tortfeasor.[6] We reject that argument. As the *Eaton* court correctly recognized, a UIM claim against one's own insurer is a first-party contract dispute, not a tort claim.[7] The tortfeasor's liability has been resolved by settlement; the remaining controversy concerns State Farm's alleged failure to perform its obligations under a Maryland policy negotiated and issued outside Delaware. Section 3104(c)(3) may extend to liability insurers that agree to defend

---

[5] *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768–69 (Del. 1986); *Waters v. Deutz Corp.*, 479 A.2d 273, 276 (Del. 1984).

[6] Appellant's Opening Br. at 13.

[7] *Eaton*, 2021 WL 3662451, at *2–3. In *Eaton*, a North Carolina driver insured by a North Carolina policy issued by Allstate sought UIM benefits from her insurer after she was injured in an accident in Delaware. The Superior Court concluded that it lacked specific jurisdiction under Section 3104(c)(3) because the "the basis of Plaintiff's claim against Allstate is not the vehicular accident, but rather the contractual obligation owed by Allstate." *Id.* at *2. Even though the injury happened in Delaware, the insurer itself committed no act in Delaware that caused the injury—its obligations were defined by a contract made out-of-state, with "no germane connection to Delaware" beyond the fortuity of the accident's location. *Id.* at *3.

and indemnify a tortfeasor for a Delaware accident,[8] but it does not extend to first-party claims for UIM or no-fault benefits.[9] Berry's claim sounds in contract, not tort, and therefore falls outside § 3104(c)(3).

(5) Berry next urges us to apply a "dual jurisdiction" theory by combining Sections 3104(c)(1) and (c)(4), arguing that State Farm's nationwide auto policies and its broader business presence in Delaware evince an intent to serve the Delaware market sufficient to support jurisdiction.[10] Delaware courts have only applied "dual jurisdiction" theory in cases relating to manufactured products—the sale of wiper blades,[11] heart rate monitors,[12] tablet computers,[13] cable products,[14] power supply

---

[8] *See, e.g., Tri-State Motor Transit Co. v. Intermodal Transp., Inc.*, 1991 WL 1172907, at \*9 (Del. Super. 2002) (holding that an insurance guaranty association was subject to personal jurisdiction under Section 3104(c)(3) because the association had "stepp[ed] into the shoes" of an insolvent insurer, who had itself stepped into the shoes of the original tortfeasor); *State Farm Mut. Auto. Ins. Co. v. Dann*, 794 A.2d 42, 47–48 (Del. Super. 2002) (extending personal jurisdiction to a tortfeasor's out-of-state insurer).

[9] *See, e.g., Donaldson v. Progressive Advanced Ins. Co.*, 2022 WL 951260, at \*2 (Del. Super. Mar. 29, 2022), *aff'd*, 2022 WL 17087831 (Del. Nov. 21, 2022) (denying personal jurisdiction over a complaint seeking UIM benefits because "even if an insured was in an accident in Delaware, the basis of their claim against their insurance company is not for the accident, it is for the contractual obligations the insured is owed"); *Uribe v. Maryland Auto. Ins. Fund*, 2015 WL 3536574, at \*3 (Del. May 21, 2015) (holding that an out-of-state insurer providing first-party benefits to its insured was not subject to personal jurisdiction merely because the accident occurred here).

[10] Appellant's Opening Br. at 26.

[11] *Robert Bosch LLC v. Alberee Prods., Inc.*, 70 F. Supp. 3d 665, 678–79 (D. Del. 2014).

[12] *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1352 (Fed. Cir. 2016).

[13] *Graphics Props. Holdings, Inc. v. ASUS Computer Int'l*, 70 F. Supp. 3d 654, 660 (D. Del. 2014).

[14] *Belden Technologies, Inc. v. LS Corp.*, 829 F. Supp. 2d 260, 268 (D. Del. 2010).

4

chips,[15] prescription drugs,[16] asbestos,[17] nail guns,[18] and roofing materials[19]—and require both an intent to serve the Delaware market and an injury caused by the product introduced into Delaware. We decline to treat an insurance policy as such a product. State Farm did not send an insurance "product" into Delaware for sale or use by a Delaware customer; it issued a Maryland policy to a Maryland resident. Although State Farm's policy provided nationwide coverage and State Farm conducts business in Delaware, the policy itself did not cause Berry's injury; the harm was caused by the negligence of another driver.[20] At most, Berry can show that State Farm intended its coverage to follow its insureds nationwide, which may satisfy the first prong of the dual-jurisdiction test, but the second prong would still

---

[15] *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 372 (D. Del. 2008).

[16] *Wright v. Am. Home Prods. Corp.*, 768 A.2d 518, 530 (Del. Super. 2000).

[17] *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1158 (Del. Super. 1997), *aff'd* 707 A.2d 765 (Del. 1998) ("[I]f the intent or purpose on behalf of the manufacturer to serve the Delaware market results in the introduction of the product to this State and plaintiff's cause of action arises from injuries caused by that product, [dual jurisdiction] is satisfied.").

[18] *Diaz Cardona v. Hitachi Koki Co., Ltd.*, 2019 WL 449698, at *3–4 (Del. Super. Feb. 5, 2019).

[19] *LaNuova*, 513 A.2d at 768 n.3 ("It is conceivable that a tort claim could enjoy a dual jurisdictional basis under (c)(1) and (c)(4) if the indicia of activity set forth under (c)(4) were sufficiently extensive to reach the transactional level of (c)(1) and there was a nexus between the tort claim and transaction of business or performance of work.").

[20] *See* App. to Appellant's Opening Br. at A035 (State Farm Insurance Policy) (covering accidents "that occur in the United States of America and its territories" and promising to adjust coverage limits to meet "the minimum mandatory [limits] required by the laws of the applicable State").

fail: the policy did not cause Berry's injury; the negligent driver did.[21] The policy is implicated only after the accident as a potential source of indemnification.

(6)     Finally, Berry urges that Section 3104(c)(6)—which addresses contracts to insure risks to be performed within the State—provides an additional basis for jurisdiction because his policy affords nationwide coverage, including accidents in Delaware.[22] Berry did not rely on Section 3104(c)(6), or the cases he now cites, in the Superior Court. Supreme Court Rule 8 limits our review to questions fairly presented to the trial court absent exceptional circumstances, which are not present here.[23] Berry remains free to pursue his contract claim in a jurisdiction that has personal jurisdiction over State Farm, such as Maryland. Accordingly, we decline to address his Section 3104(c)(6) argument.

(7)     Because no subsection of Section 3104(c) provides a statutory basis to exercise personal jurisdiction over State Farm for this first-party UIM dispute, the Superior Court correctly dismissed the complaint for lack of personal jurisdiction.

---

[21] *Boone*, 724 A.2d at 1158 (Del. Super. 1997) (holding that "dual jurisdiction" requires an "intent to serve the Delaware market resulting in the product's introduction to Delaware *and injury there*") (emphasis added).

[22] Appellant's Opening Br. at 23.

[23] Del. Sup. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice