William Allen GREENLY, Plaintiff
Below, Appellant,

v.

William K. DAVIS and Kathleen Davis,
Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: Oct. 17, 1983.

Decided: Jan. 17, 1984.

Benjamin F. Shaw, III (argued), James C. Eberly, Sr., Georgetown, for plaintiff below, appellant.

Arthur G. Connolly, Jr., (argued), James S. Green, Connolly, Bove, Lodge & Hutz, Wilmington, for defendants below, appellees.

Before HERRMANN, C.J., and HORSEY and CHRISTIE, JJ.

PER CURIAM.

Plaintiff-appellant, William A. Greenly, filed a suit in the Superior Court against defendants-appellees, William K. Davis and Kathleen Davis, alleging a breach of a contract for the sale of stock in two corporations. Defendants filed a motion to dismiss the case for lack of personal jurisdiction and for insufficiency of notice to the non-resident defendants of substituted service of process. The Superior Court granted defendants' motion ruling that the Court lacked jurisdiction and that notice of the service of process had not met statutory requirements.

On appeal, plaintiff contends that: (a) the trial judge failed to view the record in the light most favorable to the plaintiff even though the law required that he do so, (b) the trial judge made an erroneous interpretation of the Delaware long-arm statute,

10 *Del.C.* § 3104(c)(1) and (2)[1], when he found that a contract for the sale of stock which was to be delivered in Delaware did not bring the contracting parties within the jurisdiction of Delaware courts, and (c) the trial judge erred in requiring strict compliance with the notice provisions of the long-arm statute as set forth in 10 *Del.C.* § 3104(d).[2]

■ Plaintiff contends that the trial judge in considering the motion to dismiss actually picked and chose facts from among conflicting affidavits on the factual issues surrounding the application of the long-arm statute, and that he thereby ignored the well-established rule that the record be viewed in the light most favorable to the non-moving party and that all reasonable inferences be considered most strongly in favor of plaintiff. We have examined the record on which the trial judge relied and the conclusions he reached. We find no error in what the trial court did. It is true that the trial judge did rely on William K. Davis' specific factual assertions as to where most of the negotiations between the parties took place, and he concluded that the negotiations took place in Pennsylvania. In so doing, he gave little weight to vague, general assertions contained in plaintiff's counter-affidavit where plaintiff asserted that he had met on "numerous occasions" with defendant William K. Davis at Greenwood, Delaware but failed to state when the meetings occurred or that they were related to the contract in question. This was appropriate in view of the wording of the affidavits. The burden was upon the plaintiff to make a specific showing that the Delaware court has jurisdiction under the long-arm statute. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Harmon v. Eudaily,* Del.Super., 407 A.2d 232 (1979), *aff'd,* Del.Supr., 420 A.2d 1175 (1980); *AL-TECH Indus., Inc., v. Al Tech Specialty Steel Corp.,* 542 F.Supp. 53 (D.Del.1982). However, as we view the record, the trial judge did not resolve any clear dispute of fact against plaintiff, and his findings of fact do not conflict with any specific assertions made by plaintiff.

■ The record indicates that defendant William K. Davis and his daughter, defendant Kathleen Davis, are residents of Pennsylvania. They were owners of the stock of Delaware/Penn Fibre Co., Inc., a Delaware corporation, and of Penn Fibre and Specialty Co., Inc., a Pennsylvania corporation. Kathleen Davis has never transacted any business in any capacity in Delaware, and William K. Davis has never transacted business in Delaware in any individual capacity. Any business he conducted in Delaware was in his capacity as an officer and director of Delaware/Penn Fibre Co., Inc.

1. 10 *Del.C.* § 3104. *Personal jurisdiction by acts of nonresidents.*

   \* \* \* \* \* \*

   (c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:
   
   (1) Transacts any business or performs any character of work or service in the State;
   
   (2) Contracts to supply services or things in this State;

2. 10 *Del.C.* § 3104 (in pertinent part):

   (d) Service of the legal process provided for in this section with the fee of $2 shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, that not later than 7 days following the filing of the return of services of process in the court in which the civil action is commenced or following the filing with the court of the proof of the non-receipt of notice provided for in subsection (g) of this section, the plaintiff or a person acting in his behalf shall send by registered mail to the nonresident defendant, or to his executor or administrator, a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that under this section such service is as effectual to all intents and purposes as if it had been made upon such nonresident personally within this State.

and none of the business so transacted gave rise to this lawsuit.

The two companies were actively engaged in the research, development, manufacture, and sale of electrical and automotive products used both in the United States and abroad. Each company had independent and active Boards of Directors and officers; each kept separate, regular, and complete business records; and each had between 30 and 35 active, full-time employees. Mr. Davis was not the president or general manager of either company and both companies had active presidents and general managers who ran the businesses. Mr. Davis' activities for the companies were confined mainly in the research and development fields. His office was located in the building of the Pennsylvania company. When Mr. Davis did travel to the Delaware plant, he did so as a corporate official for consultation on purchases of machinery and materials, meetings with customers and suppliers, checking on plant operations and sales, and to consult on labor matters.

Plaintiff Greenly was interested in buying the stock of these corporations, and he or his representative negotiated with Mr. Davis or his representative at numerous meetings. It is undisputed that many of the meetings were held in Pennsylvania. Plaintiff alleges (and defendants deny) that the meetings culminated in a contract for the sale of the stock. Plaintiff further alleges that defendants breached the contract.

Plaintiff contends that Delaware courts have personal jurisdiction over the nonresident defendants under the Delaware long-arm statute because in entering into the alleged contract, defendants "transacted business ... in the State" (10 *Del. C.* § 3104(c)(1)) or "contracted to supply services or things in this State" (10 *Del. C.* § 3104(c)(2)). The trial judge held, however, that under the circumstances the negotiation of the alleged contract by residents of Pennsylvania did not amount to a transaction of business in Delaware under 10 *Del. C.* § 3104(c)(1) even though a part of the negotiations included a proposed sale of stock of a Delaware corporation which does transact business in Delaware. *See Moore v. Little Giant Industries, Inc.,* 513 F.Supp. 1043 (D.Del.1981). The trial judge went on to hold that the alleged contract did not involve the supplying of "services or things in this State" under 10 *Del. C.* § 3104(c)(2) even though settlement was to be held in a Delaware law office. Thus, the purchase or sale of stock was not deemed to involve the supplying of "things" within the meaning of the long-arm statute. We agree with the trial judge's rulings.

Plaintiff also contends that the trial judge applied an overly narrow interpretation of the notice requirements of 10 *Del. C.* § 3104 when he held that the sending of a second notice by mail to the nonresident defendants, more than 60 days after the nonreceipt of the first notice had been noted, did not constitute sufficient compliance with the statute which required that such second notice be sent within 7 days after the failure of the first notice had been noted. 10 *Del. C.* § 3104(d). We find no error in the trial judge's ruling. *See Griffin v. Granger,* Del.Supr., 306 A.2d 725 (1973); *Purnell v. Dodman,* Del.Super., 297 A.2d 391 (1972). We reject the contention that the holdings in these cases are inapplicable. The cited cases dealt with compliance with notice requirements contained in a nonresident motorist statute. This case deals with a long-arm statute and involves a different theory to justify the bringing of nonresidents within the jurisdiction of Delaware courts. However, the statutory requirements as to notices to nonresident defendants play a corresponding role under each statute, and the statutory mandates as to notice are jurisdictional in each case.

It is also to be noted that there was no notice, adequate or defective, as to defendant Kathleen Davis.

The decision of the Superior Court is AFFIRMED.