## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ERNEST D. SESSOMS, )
)
        Plaintiff, )
)
v. ) C.A. No. N17C-03-180 WCC
)
TASIA RICHMOND, and )
CITIZENS UNITED RECIPROCAL )
EXCHANGE, )
)
        Defendants. )

**Defendant Citizens United Reciprocal Exchange's Motion to Dismiss
GRANTED**

**Plaintiff's Motion for Summary Judgment
DENIED**

## CORRECTED MEMORANDUM OPINION

Michael D. Bednash, Esquire, The Law Office of Michael D. Bednash, 100 Biddle Avenue, Suite 104, Springside Plaza, Newark, Delaware 19702. Attorney for Plaintiff.

Emily K. Silverstein, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., 300 Delaware Avenue, Suite 900 Wilmington, DE 19801. Attorney for Citizens United Reciprocal Exchange.

**CARPENTER, J.**

Citizens United Reciprocal Exchange ("CURE" or "Defendant") moves to dismiss Ernest D. Sessoms' ("Plaintiff") Amended Complaint pursuant to Delaware Superior Court Civil Rule 12(b)(2). For the following reasons Defendant's Motion to Dismiss Count III (Declaratory Judgment) of the Amended Complaint will be GRANTED. To the extent Plaintiff seeks summary judgment on Count II (Negligence), the Motion is DENIED. Further, the Court notes that Count I of Plaintiff's Amended Complaint simply sets forth the jurisdictional basis for the litigation but lacks any cause of action.[1]

## I. FACTUAL & PROCEDURAL BACKGROUND

On April 27, 2015, Plaintiff was injured in a motor vehicle accident (the "Accident") while riding as a passenger in a car owned by Tamika Brown ("Brown").[2] Tasia J. Richmond, a New Jersey resident, ("Richmond") was said to be driving "in a negligent and careless manner, [when she] disregarded [the] red light"[3] at the intersection of 29th Street and Jefferson Street and collided with Brown's vehicle in Wilmington, Delaware. Plaintiff suffered neck and back

---

[1] The Court must "look to the claims as they are actually pled." *Brown v. LiveOps, Inc.*, 903 A.2d 324, 329 (Del. Ch. 2006) (quoting *Stengel v. Sales Online Direct, Inc.*, Del.Ch. C.A. No. 18448 at *8 (Jan. 2, 2002), *aff'd*, 783 A.2d 124 (Del.2002)). Plaintiff's Count I simply lists the residences of each party to this action and pleads no cause of action. This is a Corrected Memorandum Opinion since the Court misstated the Count number in its December 8, 2017 Memorandum Opinion.

[2] Am. Compl. ¶ 4.

[3] *Id.*

1

injuries as well as "pain and suffering, and mental distress" from the collision.[4] At the time of the Accident, Richmond was insured by an automobile policy (the "Policy") issued by CURE, a New Jersey based Insurance Company.[5]

Sometime after the Accident, CURE began to investigate the pending insurance claim. However, after many unsuccessful requests for information and assistance from Richmond, CURE filed an action in the New Jersey Superior Court seeking to enforce the contractual cooperation requirement in Richmond's insurance policy.[6] On October 2, 2015, Richmond was ordered by the Court to submit to an Examination Under Oath in New Jersey within twenty days from the court order ("Order").[7] The Order also stated that failure to submit to an Examination Under Oath was "a material breach of her contract…and [shall relieve] CURE [of the responsibility] to afford any benefits to defendant under its policy…."[8] Richmond subsequently failed to submit for an Examination Under Oath, and on November 13, 2015, CURE denied coverage, holding Richmond to be uncooperative during the investigation of her claim.[9]

---

[4] *Id.* at ¶ 6.
[5] Am. Compl. ¶ 7.
[6] Order, *Citizens United Reciprocal Exchange v. Richmond* (N.J. Super. Oct. 2, 2015) (Exhibit 7).
[7] *Id.*
[8] *Id.*
[9] Pl. Ex.A.

Because of CURE's refusal to provide coverage for the Accident, Plaintiff commenced the instant litigation on March 15, 2017. On May 10, 2017, Plaintiff filed an Amended Complaint asserting that Richmond's negligence proximately caused the Accident and Plaintiff's injuries.[10] Additionally, the Amended Complaint asserted that Richmond was insured by CURE at the time of the Accident[11] and therefore CURE is obligated to indemnify Richmond and provide minimum coverage for the Accident.[12] Further, the Amended Complaint seeks both general and special damages against Richmond, declaratory judgment against CURE, costs, and interests, as well as attorney's fees.[13]

In response to Plaintiff's Amended Complaint, Defendant CURE moved to dismiss the Complaint pursuant to Superior Court Civil Rules 12(b)(2), for lack of personal jurisdiction. Plaintiff opposes such motion and in its response also requested the Court to grant summary judgment. CURE's Motion to Dismiss Plaintiff's Amended Complaint was heard in this Court on August 23, 2017. This is the Court's decision on the Motion to Dismiss and Plaintiff's request for summary judgment.

---

[10] Am. Compl. ¶ 5.
[11] Am. Compl. ¶ 7.
[12] *Id.* at ¶ 8.
[13] Am. Compl. ¶ 9(1)–(5).

3

## II. STANDARD OF REVIEW

On a defendant's motion to dismiss pursuant to Superior Court Civil Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff "bear[s] the burden to articulate a non-frivolous basis for this court's assertion of jurisdiction."[14] The plaintiff can satisfy this burden "by making a *prima facie* showing that jurisdiction is conferred by statute."[15] Although the factual record is read in the light most favorable to the plaintiff in ruling on the motion, "the plaintiff must plead specific facts and cannot rely on mere conclusory assertions."[16] Additionally, the Court must answer two legal questions. "First, it must determine whether jurisdiction is appropriate under Delaware's long-arm statute. And, second, it must evaluate whether asserting such jurisdiction would offend the Due Process Clause of the Constitution."[17]

---

[14] *IM2 Merch. & Mfg., Inc. v. Tirex Corp.*, 2000 WL 1664168, at *4 (Del. Ch. 2000) (citing *Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 539 (Del. Ch. 1991)). *See also In re Asbestos Litig. (Anderson)*, 2015 WL 556434, at *3 (Del. Super. Ct. 2015); *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1154 (Del. Super. Ct. 1997), *aff'd*, 707 A.2d 765 (Del. 1998); *Greenly v. Davis*, 486 A.2d 669, 670 (Del. 1984); *Harmon v. Eudaily*, 407 A.2d 232, 233 (Del. Super. Ct. 1979), *aff'd*, 420 A.2d 1175 (Del. 1980).

[15] *McKamey v. Vander Houten*, 744 A.2d 529, 531 (Del. Super. Ct. 1999).

[16] *Mobile Diagnostic Grp. Holdings, LLC v. Suer*, 972 A.2d 799, 802 (Del. Ch. 2009).

[17] *Boone*, 724 A.2d at 1154–55. *Sample v. Morgan*, 935 A.2d 1046 (Del. Ch. 2007) (citing *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 438 (Del. 2005).

# III. DISCUSSION

It is important to clearly set forth what is being requested in this litigation since how it is characterized results in different outcomes. This Court has made it very clear in *State Farm v. Dann* that a "single, specific contact, such as a tort committed in Delaware, has been held sufficient to confer personal jurisdiction over the tortfeasor and his [her] insurer in the Delaware Courts." [18] Automobile insurance companies like CURE cannot avoid liability by merely claiming no contacts in Delaware. They waived that right when they issued the automobile policy with full recognition that the insurer would not limit their travel to a single state. Having to respond to insurance claims for accidents in another state by the insurers is not only foreseeable but is an expected outcome in this line of business.

However, the issue the parties are raising is different in that the Plaintiff appears to be requesting the Court to determine the contractual obligation between Richmond and CURE by finding the insurance carrier has an obligation to defend Richmond and pay coverage under the insurance policy. As such, the declaratory judgment Count found in Count III of the Complaint raises a different issue related to the insurance contract and not the accident itself. This places the issue of whether the long arm statute is applicable in a totally different light. As a result of the above, the Court will turn its attention to whether the State of Delaware has

---

[18] *State Farm Mut. Auto. Ins. Co. v. Dann*, 794 A.2d 42, 48 (Del. Super. Ct. 2002).

proper jurisdiction to make a declaratory judgment regarding CURE's obligation to provide coverage under its policy.

## a. Declaratory Judgment

The Court must conduct a two-part analysis in order to determine if a non-resident may be subject to personal jurisdiction by a Delaware court. First, the Court must determine if any of the Delaware Long-Arm Statute provisions are applicable and second, it must determine if imposing Delaware jurisdiction on the non-resident violates the Due Process Clause. Delaware's Long-Arm Statute allows the Court to exercise personal jurisdiction over a non-resident when that person:

1. Transacts any business or performs any character of work or service in the State;
2. Contracts to supply services or things in this State;
3. Causes tortious injury in the State by an act or omission in this State;
4. Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
5. Has an interest in, uses or possesses real property in the State; or
6. Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[19]

---

[19] 10 Del. C. § 3104(c)(1) – (6). *See also Uribe v. Md. Auto. Ins. Fund*, 2014 WL 4942340, at *2 (Del. Super. Ct. 2014) ("Subsections (c)(1), (c)(2), (c)(3), (c)(5), and (c)(6) of the statute require a showing of specific jurisdiction, where the cause of action arises from acts or omissions taking

The Long-Arm statute has broad scope and can be imposed on a non-resident "who engages in a single act in the state of Delaware."[20] However, the Long-Arm statute, as mentioned above, does have Constitutional limits.[21] For personal jurisdiction to exist, the non-resident must have sufficient purposeful minimum contacts with Delaware such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."[22]

Defendant CURE seeks to dismiss Count III of Plaintiff's Amended Complaint contending that Delaware courts cannot exercise jurisdiction over Defendant because none of the provisions of Delaware's Long-Arm statute apply and because Defendant does not have the "minimum contacts" necessary such that this Court can exercise jurisdiction over it. Specifically, Defendant argues Delaware Long-Arm Statute Sections 3104(c)(1)–(2) do not apply as CURE does not contract, transact, or perform business in Delaware.[23] Delaware Long-Arm Statute Sections 3104(c)(5)–(6) are not applicable because CURE does not own any real estate in Delaware nor does it have any automobile insurance contracts in

---

place in Delaware. Subsection (c)(4), however, requires a showing of general jurisdiction, where Plaintiff's claims are unconnected with the nonresidents' activities.").

[20] *State Farm Mut. Auto Ins. Co. v. Dann*, 794 A.2d 42, 47 (Del. Super. Ct. 2002) (citing *Transportes Aereos de Angola v. Ronair, Inc.*, 544 F.Supp. 858, 864 (D. Del 1982).

[21] *Daily Underwriters of America v. Md. Auto. Ins. Fund*, 2008 WL 3485807 *4 (Del. Super. Ct. 2008).

[22] *Int'l Shoe Co. v. State of Washington*, 326 U.S 310, 316 (1945).

[23] Def.'s Mot. to Dismiss ¶ 5, at 4.

Delaware.[24] Finally, Delaware Long-Arm Statute Sections 3104(c)(3)–(4) do not apply because CURE derives no revenue from services in Delaware,[25] and Richmond's tortious conduct can only be used to exercise personal jurisdiction over claims arising directly from that conduct.

Defendant also asserts that CURE is not *at home* in Delaware. Defendant contends that its contacts with Delaware are very minimal and CURE has not "purposefully availed" itself the jurisdiction of Delaware. Specifically, CURE states it is "organized under the laws of New Jersey, with its principal place of business... [in] Princeton, New Jersey...CURE does not, nor has it ever, had any offices in Delaware...[And] CURE is not licensed to operate in Delaware."[26]

Plaintiff does not attempt to argue that CURE is *at home* in Delaware nor does he assert that CURE transacts or contracts business in Delaware. Instead, Plaintiff argues that CURE is subject to Delaware's jurisdiction because of the Accident and Richmond's tortious conduct which occurred in Delaware. Plaintiff cites *State Farm Auto. Ins. Co. v. Dann*, as support for finding the collision to be a sufficient single act and minimum contact required to confer jurisdiction. Unfortunately for Plaintiff, this simply misses the issue.

---

[24] *See id.*
[25] *See id.* at ¶ 7, at 5–6. "Delaware Courts have broadly construed the term 'substantial revenue' to mean that two or three percent of total revenue is sufficient to confer jurisdiction." *M&M Techs., Inc. v. Gurtler Chems., Inc.*, 2005 U.S. Dist. LEXIS 1726, at *14 (D. Del. 2005).
[26] Def.'s Mot. to Dismiss ¶ 5, at 4.

In the instant case, the sole "contact" Plaintiff has alleged is Richmond's unilateral act of driving into Delaware and allegedly committing a tort here. As stated above, the Court agrees with the holding of *State Farm v. Dann*, in that Delaware has specific personal jurisdiction for claims arising directly from the Accident. This can include any tort claims against the drivers or potential subrogation claims against insurers. Absent a contractual default, CURE would be obligated to investigate the claim and provide coverage to its policyholder. The Court, however, refuses to expand the holding of *State Farm v. Dann*, and find that Delaware has specific personal jurisdiction for matters that only related to the contract obligations between CURE and Richmond. It would be unforeseeable and unfair to require a non-resident like CURE to be hailed to court in Delaware for legal matters only tangentially related to the tortious conduct. In fact, such a finding would violate due process and "offend traditional notions of fair play and substantial justice."[27]

CURE has minimal contacts with the State of Delaware. CURE does not offer insurance to Delaware residents; it has no Delaware offices; and it is not registered to do business in Delaware. CURE's only contact is Richmond's alleged negligence during the Accident. As such, the Court finds that CURE

---

[27] *State Farm Mut. Auto. Ins. Co. v. Dann*, 794 A.2d 42, 48 (Del. Super. Ct. 2002).

would not reasonably foresee being hailed into court in Delaware to interpret Richmond's Policy provisions. The Court finds CURE's denial of coverage is contractually related and only indirectly arises from Richmond's alleged negligence. The Policy was drafted to include a New Jersey choice of law clause as well as a failure to cooperate provision which is enforceable in New Jersey. CURE denied coverage only due to Richmond's failure to cooperate and after seeking a judicial order to enforce the contract in the New Jersey Superior Court. Because Plaintiff's request for declaratory judgment stems directly from the denial of coverage under the insurance contract, the Court finds CURE's contacts with the state of Delaware are not sufficient to satisfy the due process considerations. Plaintiff's request to analyze and interpret the insurance policy between two New Jersey parties would exceed the holding of *State Farm Auto. Ins. Co. v. Dann* and scope of this Court's jurisdiction.

The outcome of this decision is clear. By CURE denying coverage due to their insured being uncooperative, Richmond became an uninsured tortfeasor and thus Plaintiff is required to look to the uninsured coverage portion of his policy for coverage. Once that occurs, Plaintiff's insurer can seek recovery from CURE through a subrogation claim or other litigation. While the Court appreciates the desire of Plaintiff to have CURE provide their policy limits and then seek

10

additional coverage under the under-insured portion of his policy, that avenue of recovery is simply unavailable.

## IV. CONCLUSION

For the reasons set forth in this Opinion, Defendant's Motion to Dismiss Count III, declaratory judgment, is GRANTED. This issue is a contract interpretation matter between CURE and its policyholder. Because both Richmond and CURE are domiciled in New Jersey and the policy is a New Jersey policy, this question must be resolved in the proper jurisdiction of New Jersey. Otherwise, the assertions set forth in the Complaint may proceed. At the end of his response to Defendant's Motion to Dismiss, Plaintiff did request that the Court grant his Motion For Summary Judgment. While not briefed or responded to, the Court can only assume Plaintiff believed a denial of the Motion to Dismiss would logically lead to summary judgment for him. The Court having dismissed the declaratory judgment Count now finds the Motion for Summary Judgment moot and it is DENIED.

IT IS SO ORDERED.

Judge William C. Carpenter, Jr.

Dated: December 26, 2017

11