# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SRINIVASAN RAJAMANI and SURAJ SYSTEMS INC., )
)
)
Plaintiffs, )
)
) C.A. No. N18C-07-196 FWW
v. )
)
REVWAYS CORP. and FEAURA, INC., )
)
Defendants. )

Submitted: October 2, 2018
Decided: January 11, 2019

*Upon Defendant Feaura, Inc.'s Motion to Dismiss*
**DENIED.**

## ORDER

Daniel C. Herr, Esquire, 1225 North King Street, Suite 1000, Wilmington, DE 19801, Attorney for Plaintiffs.

Stephanie H. Dallaire, Esquire, Joseph B. Cicero, Esquire, Chipman Brown Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, DE 19801, Attorneys for Defendant Feaura, Inc.

**WHARTON, J.**

This 11th day of January, 2019, upon consideration of the Motion to Dismiss of Defendant Feaura, Inc.[1] and the Response in Opposition of Plaintiffs Srinivasan Rajamani and Suraj Systems Inc.,[2] it appears to the Court that:

(1)    On July 20, 2018, Plaintiffs brought this action against corporations Revways Corp. ("Revways") and Feaura, Inc. ("Feaura"), alleging breach of contract.[3] Plaintiffs allege that it entered into a contract with Revways to provide information technology services for Revways, who they allege did not pay in full for Plaintiffs' work.[4] Plaintiffs allege that Revways owner, Arbas Ahmed Siddiqui ("Siddiqui"), eventually abandoned Revways and began operating Feaura, which performs the same work that Revways had.[5] Plaintiffs allege that Siddiqui abandoned Revways and began operating through Feaura, a continuation of Revways, to avoid liabilities associated with Revways.[6]

(2)    On September 1, 2018, Feaura filed a Motion to Dismiss.[7] Feaura first asserts that this Court lacks personal jurisdiction pursuant to Superior Court Civil Rule 12(b)(2).[8] Furthermore, Feaura moves to dismiss for failure to state a claim, pursuant to Superior Court Civil Rule 12(b)(6).[9]

---

[1] D.I. 5.
[2] D.I. 7.
[3] Pl.'s Compl., at 1.
[4] *Id.,* at 2.
[5] *Id.,* at 3.
[6] *Id.*
[7] Def's. Mot. to Dismiss, at 1.
[8] *Id.*
[9] *Id.*

2

(3)   On October 2, 2018, Plaintiffs filed an answer opposing Feaura's Motion to Dismiss.[10] Plaintiffs argue that they have properly stated a claim against Feaura as successor-in-interest to Revways.[11] Plaintiffs also contend that this Court does have personal jurisdiction over Feaura, as a successor entity of Revways, a Delaware resident.[12]

(4)   A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[13] The Court's review is limited to the well-pled allegations in the complaint.[14] In ruling on a 12(b) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[15] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[16]

(5)   In a motion to dismiss for lack of personal jurisdiction pursuant to Superior Court Civil Rule 12(b)(2), the plaintiff bears the burden of showing a basis for the trial court's exercise of jurisdiction over a defendant.[17] Absent an evidentiary hearing or jurisdictional discovery, the plaintiff need only make a prima facie showing that the exercise of personal jurisdiction is appropriate.[18] In making its

---

[10] Pl.'s Resp. Mot. Dismiss, at 1.
[11] *Id.,* at 4.
[12] *Id.,* at 5.
[13] *Browne v. Robb,* 583 A.2d 949, 950 (Del. 1990).
[14] *Doe v. Cahill,* 884 A.2d 451, 458 (Del. 2005).
[15] *Id.*
[16] *Id.*
[17] *Wiggins v. Physiologic Assessment Servs., LLC,* 138 A.3d 1160, 1164 (Del. Super. 2016) (citing *Greenly v. Davis,* 486 A.2d 669, 670 (Del. 1984)).
[18] *Id.,* at 1165.

determination, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.[19]

(6)     The dispositive issue here is whether a successor-to-interest of an entity can be subject to personal jurisdiction and held liable for acts of the predecessor entity. If an entity transfers its assets to another company, the transferee is generally not responsible for the liabilities of the transferor.[20] However, four exceptions exist where the avoidance of liability would be unjust: "(1) the buyer's assumption of liability; (2) *de facto* merger or consolidation; (3) mere continuation of the predecessor under a different name; or (4) fraud."[21] Plaintiffs assert that exceptions (2), (3), and (4) apply to its Complaint, and plead that Feaura and Revways are one and the same as a result of Siddiqui's fraudulent misconduct.[22]

(7)     This Court has consistently held that successor liability can be appropriate "where the new entity is so dominated and controlled by the old company that a separate existence must be disregarded."[23] Plaintiffs plead that Feaura and Revways are one and the same, and as such have stated a claim against Feaura as the successor-in-interest to Revways and its reputed breach of contract with Plaintiffs. Because Plaintiffs sufficiently pled a claim against Feaura for breach of contract, it has satisfied its requirements under Rule 12(b)(6).

---

[19] *Id.*
[20] *See Ross v. DESA Holdings Corp.*, 2008 WL 4899226, at *4 (Del. Super. Sept. 30, 2008).
[21] *Id.* (citing *Fountain v. Colonial Chevrolet Co.*, 1988 WL 40019, at *7 (Del. Super. April 13, 1988).
[22] Pl.'s Resp. Mot. Dismiss, at 4.
[23] *Ross*, 2008 WL 4899226, at *4 (*citing Elmer v. Tenneco Resins, Inc.*, 698 F.Supp. 535, 542 (D. Del. 1988)).

4

(8)     Delaware law is settled that a successor entity can be subject to personal jurisdiction related to acts of its predecessor entity.[24]  Plaintiff asserts that Revways was a "resident" of- organized in and pursuant to the laws of- Delaware.[25]  Accepting Plaintiffs' well-pleaded factual allegations as true, Feaura  as a successor entity can be subject to personal jurisdiction for the acts of Revways.[26]  Thus, Plaintiffs have made a prima facie showing that the exercise of personal jurisdiction is appropriate. Accordingly, this Court maintains personal jurisdiction over Feaura.[27]

THEREFORE, Defendant Feaura, Inc.'s Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[24] See Fehl v. S.W.C. Corp., 433 F. Supp 939, 947 (D. Del. 1977) ("personal jurisdiction may be asserted over a successor corporation, on basis of acts of its predecessor"); Fountain, 1988 WL 40019, at *7.
[25] Pl.'s Compl., at 1.
[26] See Doe, 884 A.2d at 458.
[27] See Wiggins, 138 A.3d at 1165.

5