# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WALTER GREENE,                           )
                                         )
        Plaintiff,                       )
                                         )  C.A. No. N21C-09-059 FWW
        v.                               )
                                         )
OLD REPUBLIC INSURANCE                   )
COMPANY AND PROGRESSIVE                  )
DIRECT INSDURANCE COMPANY,               )
                                         )
        Defendants.                      )

Submitted: February 9, 2022
Decided: April 26, 2022

*Upon Defendant Old Republic Insurance Company's Motion to Dismiss*
**DENIED.**

## ORDER

Kenneth M. Roseman, Esquire, KENNETH M. ROSEMAN, P.A., 1300 King Street, Wilmington, DE 19801, Attorney for Plaintiff.

Arthur D. Kuhl, Esquire, REGER RIZZO & DARNALL LLP, Brandywine Plaza West, 1521 Concord Pike, Suite 305, Wilmington, DE 19803, Attorney for Defendant Old Republic Insurance Company.

Sean A. Dolan, Esquire, MINTZER, SAROWITZ, ZERIS, LEDVA, & MEYERS, LLP, Citizens Bank Center, 919 Market Street, Suite 200, Wilmington, DE 19801, attorney for Progressive Direct Insurance Company.

**WHARTON, J.**

This 26th day of April 2022, upon consideration of the Motion to Dismiss ("Motion") of Defendant Old Republic Insurance Company ("Old Republic")[1] and the Response of Plaintiff Walter Greene ("Greene"),[2] it appears to the Court that:

1.      On September 21, 2021, Greene brought this uninsured motorist action against Old Republic and Progressive Direct Insurance Company ("Progressive").[3] Old Republic insured an Amtrack "grapple truck" Greene was operating at the time he was involved in the accident at issue, while Greene maintained a personal insurance policy with Progressive.[4]  The five-paragraph complaint alleges: (1) Greene is a resident of Delaware; (2) Old Republic and Progressive "transact business" in Delaware; (3) on or about August 12, 2020, Greene was injured as a result of a collision caused by the negligence of an uninsured motorist; (4) at the time of the accident Greene was insured under policies issued by Old Republic and Progressive which provided for uninsured motorist benefits; and (5) Old Republic and Progressive breached the policies by failing to reimburse Greene for his damages and losses.[5]

---

[1] Def. Old Rep.'s Mot. to Dismiss, D.I. 17.
[2] Pl.'s Resp., D.I. 19.
[3] Compl., D.I. 1.
[4] *Id.*
[5] *Id.*

2.      On February 4, 2022, Greene moved to dismiss.[6]  The Motion asserts two grounds for dismissal - lack of personal jurisdiction and *forum non conveniens*.[7] According to Old Republic, Greene was operating his work vehicle, registered in New Jersey and insured under a national fleet policy with Old Republic, and was involved in an accident with an uninsured motorist in Maryland.[8]  The Motion recites that Old Republic is a Pennsylvania insurance company licensed to do business in Delaware.[9]  Because neither the accident, the vehicle, nor the Old Republic policy have any connection to Delaware, Old Republic contends Delaware has no general or specific personal jurisdiction over it.[10]  Additionally, under these facts, the proper venue to litigate this Maryland accident is Maryland.[11]

3.      Greene responded in opposition on February 9, 2022.[12]  He disputes that Old Republic is a Pennsylvania insurance company.  Instead, he states that, upon information and belief, Old Republic is a subsidiary of Old Republic International Corporation and is incorporated under the name Old Republic Insurance Corporation, both of which are incorporated in Delaware.[13] Thus, Delaware has personal jurisdiction over Old Republic.  Further, because the vehicle principally was garaged in Delaware for more than 60 days, it should have been registered in Delaware and the insurance policy deemed a Delaware policy of insurance.[14] Finally, Old Republic has failed to meet its burden of showing overwhelming

---

[6] Def. Old Rep.'s Mot. to Dismiss, D.I. 17.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] Pl.'s Resp. Mot. Dismiss, D.I. 19.
[13] *Id.*, at ¶ 9, Ex. G.
[14] *Id.,* at 4-5.

hardship and inconvenience necessary for it to prevail on its *forum non conveniens* argument.[15]

4. The Court has considered materials outside of the pleadings which both parties have submitted to address the issues raised by the Motion. Old Republic attaches copies of the police accident report and the insurance policy.[16] It does not, however, provide any documentary support for its assertion that it is a "Pennsylvania insurance company." Greene attaches his own affidavit regarding the storage and maintenance of Amtrack "grapple trucks," photographs of a "grapple truck" together with an annual vehicle inspection report, the Amtrack and police traffic accident reports, an affidavit of no insurance from the diver of the other vehicle, an expert medical report for Greene, statements of lost wages and medical expenses, and website information for Old Republic and records from the State of Delaware purporting to establish Old Republic as a Delaware corporation.[17]

5. Progressive takes no position on the Motion.[18] However, it does take the position that, if the Motion is granted, the matter should be stayed against it pending the resolution of any future Maryland litigation.[19]

6. In a motion to dismiss for lack of personal jurisdiction pursuant to Superior Court Civil Rule 12(b)(2), the plaintiff bears the burden of showing a basis for the trial court's exercise of jurisdiction over a defendant.[20] Absent an evidentiary hearing or jurisdictional discovery, the plaintiff need only make a *prima facie*

---

[15] *Id.,* at 5.
[16] Def. Old Rep.'s Mot. to Dismiss, at Exs. A, B, D.I. 17.
[17] Pl.'s Resp. to Mot. to Dismiss, at Exs. A-G, D.I. 19.
[18] D.I. 23.
[19] *Id.*
[20] *Wiggins v. Physiologic Assessment Servs., LLC*, 138 A.3d 1160, 1164 (Del. Super. 2016) (citing *Greenly v. Davis*, 486 A.2d 669, 670 (Del. 1984)).

showing that the exercise of personal jurisdiction is appropriate.[21] In making its determination, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.[22] Based on the substantial documentary evidence proffered by Greene,[23] and the complete absence of any such documentary evidence proffered by Old Republic, it is beyond dispute that Greene has met his burden of making a *prima facie* showing of personal jurisdiction.[24] For that reason, the Court need not address whether the garaging of the vehicle causes the insurance policy to be deemed a Delaware insurance policy.

7.       The Court next addresses Old Republic's *forum non conveniens* argument for dismissal. The factors the Court considers in the exercise of its discretion are: (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon the application Delaware law which the courts of this state more properly should decide than those of another jurisdiction; (5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and (6) all other practical problems that would make the trial of the case easy expeditious and inexpensive.[25] A plaintiff's choice of forum should not be defeated except where the defendant establishes, based on the foregoing factors, overwhelming hardship and inconvenience.[26] The overwhelming hardship standard, while not preclusive, is a stringent standard that holds defendants seeking to deprive

---

[21] *Id.,* at 1165.
[22] *Id.*
[23] *See,* Pl.'s Resp. to Mot. to Dismiss, at Ex. G, D.I. 19.
[24] *See, Rosado v. State Farm Mut. Auto. Ins. Co.,* 2020 WL 3887880, at *1 (Del. Super. Ct. July 9, 2020).
[25] *Martinez v E.I. DuPont de Nemours & Co.,* 86 A.3d 1102, 1104 (Del. 2014) (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.* 198 A. 2d 681, 684 (Del. 1964)).
[26] *Id.*

a plaintiff of his chosen forum to an appropriately high standard.[27] That standard is met "'only in the rare case in which the combination and weight of the factors to be considered balance overwhelmingly in favor of the defendant.'"[28]

8.    Old Republic has failed to meet this stringent standard. It has not even attempted to demonstrate what hardship it would suffer, much less any overwhelming hardship. It just is not true, as Old Republic asserts that, "All relevant evidence on damages, parties and witnesses are located in Maryland."[29] None of the parties are located in Maryland, and some of the witnesses are located in Delaware, notably Greene and his medical expert, and potentially others. Additionally, Old Republic fails to describe with any particularity what aspects of Maryland tort law and process requires any special application by this Court.

9.    Old Republic's *forum non convenience* claim was made only after the matter had been pending in this court for more than four months. During that time, the parties had issued and responded to discovery. The Court now has issued a trial scheduling order setting trial for February 22, 2023.[30] Starting over in Maryland necessarily would result in delay. Moreover, as Greene correctly points out, if the Motion were to be granted, Greene would be required to litigate against Progressive in Delaware and Old Republic in Maryland. Such a situation would not only be inefficient, and unnecessarily costly, but potentially could result in inconsistent results.

---

[27] *Id.,* at 1105.
[28] *Id.* (quoting *Kolber v. Holyoke Shares, Inc.* 213 A.2d 444 (Del. 1965)).
[29] Def. Old Rep.'s Mot. to Dismiss, at 5, D.I. 17.
[30] D.I. 29.

**THEREFORE**, Defendant Old Republic Insurance Company's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.