# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHYNEIKA D. TAYLOR,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀C.A. No. N22C-03-068 CLS
RONALD KILLEN, TALLEY⠀⠀⠀⠀)
BROTHERS, INC., MAZDA MOTOR⠀)
CORPORATION and MAZDA⠀⠀⠀)
MOTOR OF AMERICA, INC.,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀)

Date Submitted: August 17, 2023
Date Decided: November 13, 2023

*Upon Defendant's Motion to Dismiss.* **GRANTED.**

## OPINION

Joel H. Fredricks, Esquire, Nitsche & Fredricks, LLC, Wilmington, Delaware 19899, Attorney for Plaintiff, Shyneika D. Taylor.

Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, New Castle, Delaware 19720, Attorney for Defendants, Donald Killen and Talley Brothers, Inc.

Joseph J. Bellew, Esquire, and Joseph E. Brenner, Esquire, Gordon Rees Scully Mansukhani LLP, Wilmington, Delaware 19801, Attorneys for Defendants, Mazda Motor Corporation and Mazda Motor of America, Inc.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendant Mazda Motor Corporation ("Mazda Japan") Motion to Dismiss ("Motion") Plaintiff Shyneika Taylor's ("Ms. Taylor") Amended Complaint pursuant to Del. Super. Civ. R. 12(b)(2) and 12(b)(5). The Court has reviewed the Motion, Ms. Taylor's and Defendants Ronald Killen and Talley Brothers, Inc.'s opposition. For the reasons below, Defendants' Motion to Dismiss is **GRANTED.**

## ALLEGED FACTS

Ms. Taylor filed this action against Defendants for personal injuries resulting from a motor vehicle collision that occurred in Delaware on December 29, 2021. Specifically, Ms. Taylor alleges she was lawfully stopped attempting to make a left turn when her vehicle was struck from behind by a vehicle operated by Defendant Ronald Killen ("Mr. Killen"). At the time of the collision, Mr. Killen alleged to be in the course and scope of his employment with Defendant Talley Brothers, Inc. ("Talley Brothers"). The collision pushed Ms. Taylor into the oncoming lane of travel causing her to subsequently strike another vehicle, which was operated by Jacquette N. Murray ("Ms. Murray"). Ms. Taylor was injured in the collision. During discovery in the case against Mr. Killen and Talley Brothers, it was determined that Ms. Taylor's seatback, restraint system, and headrest in her 2013 Mazda CX5 failed during the collision. As a result, on March 8, 2023, Taylor filed an Amended

Complaint adding Defendants Mazda Japan and Mazda Motor of America ("Mazda USA") with allegations associated with product liability. Mazda–Japan is incorporated and headquartered in Japan. Mazda USA maintains their principal place of business in California. Plaintiff's counsel purports he served Mazda Japan in Hiroshima, Japan with copies of the following papers via regular and registered mail: Praecipe, Summons, Amended Complaint, Plaintiff's Civil Case Information Statement, Plaintiff's Civil Rule 3(h) Statement, and Amended Answers to Form 30 Interrogatories. The envelopes were not addressed to any registered agent or officer or other authorized recipient of legal service of process for Mazda Japan. The papers were mailed to "Mazda Motor Corporation, 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima 730-8670, Japan." The envelopes were delivered to Mazda Japan's mailroom and were received by an unidentified clerk employed by Mazda Ace Co., Ltd., a subsidiary company that provides a variety of services to Mazda Japan, including copying, printing, and mailroom functions. The documents that were mailed to Mazda Japan were in English and had not been translated to Japanese.

Mazda Japan seeks dismissal on the basis that (1) service was improper pursuant the requirements of the Hague Convention and (2) this Court lacks personal jurisdiction.

## Parties' Positions

*Mazda Japan's Motion*

It is Mazda Japan's position that service was insufficient because Ms. Taylor failed to comply with the Hague Service Convention and Delaware law. Mazda Japan argues the Hague Service Convention method of service, which provides that requests for the international service of judicial documents must be made through a central authority designated by each signatory country, should have been employed by Ms. Taylor. Because Ms. Taylor failed to request service through Japan's central authority and did not translate her documents into Japanese, Mazda Japan asserts she failed to effectuate service. Further, Mazda Japan goes on explain how services was still not effectuated under Delaware law. Mazda Japan elaborates that process delivered to a clerical employee of Mazda Japan's subsidiary Mazda Ace was insufficient because the employee lacked actual or apparent authority to accept service and the package was not directed to any specific employee or agent of Mazda Japan.

Mazda Japan also argues Ms. Taylor fails to establish personal jurisdiction by way of general or specific jurisdiction. Mazda Japan supports its argument by explaining it is incorporated under the laws of Japan with a principal place of business in Hiroshima, Japan and Mazda Japan is neither incorporated in Delaware, nor does Mazda Japan maintain an office in Delaware. Further Mazda Japan explains

4

is not registered, licensed, or otherwise authorized to do business in Delaware, does not have a registered agent in Delaware, nor is it required to do so, does not own property in, does not maintain an office or telephone number in Delaware, does not maintain employees in Delaware, does not maintain bank accounts in Delaware, does not purchase, market, or sell products in Delaware, does not regularly transact business within Delaware, does not directly sell products to consumers in the United States, but rather sells products to a North American distributor in California that determines the dealerships to which products are delivered for retail sale. As such, Mazda Japan asserts a violation of due process will occur if it is required to defend itself in this proceeding.

*Ms. Taylor's Opposition*

It is Ms. Taylor's contention that service has been completed upon Mazda Japan. Ms. Taylor explains pursuant to Delaware law and rules, service may be completed pursuant to the law governing the place in which service is made. Further, Ms. Taylor points to case law indicating under California law, service on Mazda Japan may be completed on Mazda USA, as Mazda USA is a general manager for Mazda Japan. Therefore, according to Ms. Taylor, completion of service in this manner is consistent with the goals and purpose of service, namely notice of the litigation. Additionally, Ms. Taylor contends the Hague Convention is not

5

implicated in this matter because service on a domestic agent for the company abroad was valid.

On the issue of jurisdiction, Ms. Taylor argues Delaware Superior Court has personal jurisdiction for the allegations against Mazda Japan. Ms. Taylor contends Mazda Japan has taken acts to avail itself of Delaware. Ms. Taylor compares the facts of this case to *Triche*, a case decided on March 15, 2023, where Mazda Japan through numerous actions, including designing the vehicles for use in the U.S. Markets to comply with U.S regulations, has availed itself of the benefits of the markets and laws of the forum State. Further, Ms. Taylor alleges the claims at issue are directly related to this State, as the vehicle was purchase in Delaware by a Delaware resident, used in Delaware, and the injuries from the defective product occurred in Delaware. It is Ms. Taylor's position that through *Triche* and *Ford Motor Co.*, Delaware has personal jurisdiction over Mazda–Japan.

*Mr. Killen and Tally Brothers' Opposition*

Mr. Killen and Tally Brothers oppose the motion on ground that the issues surrounding questions of jurisdiction need to be determined and should be determined by the discovery process.

*Mazda Japan's Reply Brief*

Mazda Japan argues Ms. Taylor failed in her opposition to contradict its argument related to personal jurisdiction. It is Mazda Japan's position that Ms. Taylor effectively concedes to its argument regarding general jurisdiction. As for specific jurisdiction, Mazda Japan observed Ms. Taylor attempted to use *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, in *Mazda Motor Corp. v. Triche*. Mazda Japan contends that Ms. Taylor's reliance on *Triche* is unavailing because there is no indication Mazda Japan took steps to subject itself to Delaware's jurisdiction. Mazda Japan explains that the plaintiff in *Triche* produced evidence showing Mazda Japan specifically targeted its marketing strategies to Florida and Ms. Taylor only makes a "bald assertion" that the Court should conclude the Florida specific facts apply here. Mazda Japan further explains the *Ford* decision emphasizes the question of who is making the contacts because in Ford, the contacts originated with Ford and at every step it was Ford not an intermediary, who made the contacts. Apply such concept to these facts, Mazda Japan argues it did not make any allege contacts so it should not be subject to personal jurisdiction.

Further, Mazda Japan argues that while Ms. Taylor explains why she could effectuate service upon Mazda Japan via Mazda America, the argument fails because Mazda America is not Mazda Japan's agent. Mazda Japan produces an agreement

7

between Mazda Japan and Mazda America in which the entities agree Mazda America is in no way a legal agent or representative of Mazda Japan. Additionally, Mazda Japan explains that while Ms. Taylor attempted to argue Mazda America is Mazda Japan's "general manager" she misunderstands that Mazda Japan explicitly disclaimed Mazda America as its agent. Mazda Japan further argues that even if Mazda America was an agent, Ms. Taylor still fails to effectuate serve because the Mazda Japan process was not served on Mazda America, it was mailed to Mazda Japan in Japan.

## STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction pursuant to Superior Court Civil Rule 12(b)(2), the plaintiff bears the burden of showing a basis for the trial court's exercise of jurisdiction over a nonresident defendant.[1] Absent an evidentiary hearing or jurisdictional discovery, the plaintiff need only make a prima facie showing that the exercise of personal jurisdiction is appropriate.[2] In making its determination, the Court must accept all well-pleaded factual allegations as true, unless contradicted by affidavit, and draw all reasonable inferences in favor of the

---

[1] *Greenly v. Davis*, 486 A.2d 669, 670 (Del.1984); *Herman v. BRP, Inc.*, 2015 WL 1733805, at *3 (Del.Super.Apr. 13, 2015); see *Werner v. Miller Tech. Mgmt., L.P.*, 831 A.2d 318, 326 (Del. Ch.2003) (construing Court of Chancery Rule 12(b)(2) in the same way).

[2] *Greenly*, 486 A.2d at 670; *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409, at *5 (Del. Ch. July 14, 2008).

plaintiff.[3] However, Delaware courts have warned that "[a]lthough plaintiffs have 'a relatively light burden' to establish a prima facie basis for personal jurisdiction, the Court of Chancery has stated '[c]ourt[s] should exercise caution in extending jurisdiction over nonresident defendants whose direct ties to Delaware are, at best, tenuous.' "[4]

Defendant is a nonresident of Delaware and considered a foreign entity. Ordinarily service of process must comply with Super. Ct. Civ. R. 4 and 10 Del. C. § 3104. Super. Ct. Civ. R. 4(h) which states:

> In an action in which the plaintiff serves process pursuant to 10 Del. C. § 3104 ... the defendant's return receipt and the affidavit of the plaintiff or the plaintiff's attorney of the defendant's nonresidence and the sending of a copy of the complaint with the notice required by the statute shall be filed as an amendment to the complaint within 10 days of the receiving by the plaintiff or the plaintiff's attorney of the defendant's return receipt; provided, however, that the amendment shall not be served upon the parties in accordance with the provisions of Rule 5(a).

When a plaintiff has alleged a nonresident committed acts sufficient to permit this Court to have jurisdiction over the nonresident, service may be made "[b]y any form of mail addressed to the person to be served and requiring a signed receipt."[5]

---

[3] See *Herman*, 2015 WL 1733805, at *3 (citing *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus.*, 871 A.2d 428, 437 (Del.2005)); *Hartsel v. Vanguard Grp., Inc., et al.*, 2011 WL 2421003, at *7 (Del. Ch. June 15, 2011).

[4] *Wakely Ltd. v. Ensotran, LLC*, 2014 WL 1116968, at *3 (D.Del. Mar. 18, 2014) (citing *Ross Holding & Mgmt. Co. v. Adv. Realty Grp.*, 2010 WL 1838608, at *15 (Del. Ch. Apr. 28, 2010)).

[5] 10 Del. C. § 3104(d)(3).

Additionally, proof of service may be made by an affidavit of the person effecting service or, if served by mail, "proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court."[6] If process is insufficient, then there is no personal jurisdiction over the Defendants.[7] Because Defendant is a foreign entity, this Court must determine whether the Hague Service Convention applies.

## ANALYSIS

*Service is improper*

The foregoing discussion results in two issues. First, whether the Hague Service Convention applies in this case. Second, assuming it applies, whether Ms. Taylor's mailing was a valid method under the Convention. The first issue is answered in the affirmative. As noted, Article 1 applies whenever there is occasion to transmit service documents outside this country. This leads to the question of how does one know when there is occasion to transmit service documents abroad. In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, the United States Supreme Court, applying Illinois' general long-arm statute, held that whether there is occasion to transmit documents abroad must be determined by reference to the forum state's

---

[6] *Id.* § 3104(e).
[7] *Cannon v. Target Stores*, 2009 WL 2382946, *1 (D.Del.2009).

law.[8] "If the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies."[9]

In the *Volkswagenwerk* case, Schlunk filed a wrongful death action in Illinois state court after his parents were killed in an automobile accident. He alleged that defects in their Volkswagen automobile contributed to their deaths. Schlunk initially filed suit against Volkswagen of America, Inc., as a wholly-owned domestic subsidiary of the defendant, but later amended his complaint to add the defendant. He attempted to serve the amended complaint on the defendant by serving the domestic subsidiary as the defendant's involuntary agent, but the defendant moved to quash the service on the grounds that it could be served only pursuant to the Hague Service Convention.

Ruling against the defendant, the U.S. Supreme Court held that "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications."[10] The service satisfied Illinois' long-arm statute, then codified at Ill.Rev.Stat. ch. 110, para. 2–209,10 because the statute stated that personal service upon an agent is

---

[8] 486 U.S. 694 (1988).
[9] *Id.* at 700.
[10] *Id.* at 707.

equivalent to personal service upon the principal.[11] The service satisfied the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the Court was satisfied that notice was virtually guaranteed to reach the parent corporation.[12] The statute itself did not require the transmittal of documents to Germany as a condition of proper service.[13]

Unlike *Volkswagenwek*, service on a domestic agent here is not valid and complete under both state law and the U.S. Constitution. First and foremost, this Court notes there is no statute, referenced by either party nor has the Court found, that prescribed that service on an agent is equivalent to service on the principal. Instead, Ms. Taylor argues Mazda Japan has been served in accordance with Rule 4 of the Delaware Civil Rules because service was effectuated on Mazda America in California and because Mazda America is a "general-manager" under California Law it can accept service for Mazda Japan. The basis behind Ms. Taylor's argument is correct. Under Delaware Civil Rules, service may be effectuated under the laws of the state in which service is completed. However, under these facts, Mazda Japan was not served because the service Ms. Taylor refers to is solely service to Mazda

---

[11] *Id.* at 706.
[12] *Id.* at 706–07.
[13] *Id.* at 706.

America. Therefore, Ms. Taylor has failed to properly serve Mazda Japan in terms of domestic service.

Because Ms. Taylor has failed to properly serve Mazda Japan domestically, the Hague Convention would apply to Ms. Taylor's attempted mailing to Japan.[14] According to the Hague Convention, when attempting to serve process in Japan, direct mail is not an option.[15] To properly effect service in Japan, a plaintiff may make a request to the Ministry of Foreign Affairs of Japan ("MOFA") for service that will require mandatory receipt by the Japanese defendant. All documents to be served must be translated into Japanese by the plaintiff.[16] The Consular Affairs Bureau of MOFA and the Civil Affairs Bureau of the Supreme Court of Japan will each then check the documents, page by page, to confirm they have been translated in their entirety.[17] After review, service requiring mandatory receipt is completed by a postal employee of Japan by handing over the documents to the defendant. In this

---

[14] Both the United States and Japan have ratified or acceded to the Convention. Under the Supremacy Clause contained in the United States Constitution, Article VI, the Convention "pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Volkswagenwek*, 486 U.S. at 699.

[15] Ian Papendick, Tomonori Mawzawa, and Stephen LaBrecque, *Methods of Service to a Corporate Defendant in Japan*, LAW.COM (June 23, 2021, 8:08 P.M.), https://www.law.com/therecorder/2021/06/23/methods-of-service-to-a-corporate-defendant-in-japan/?slreturn=20230930104000.

[16] *Id.*

[17] *Id.*

case, no such procedures were followed.[18] Ms. Taylor simply mailed non-translated process to Mazda Japan, in direct violation of Hague Convention. Therefore, service was not effectuated under the Hague Convention. As such, the Motion must be granted on lack of service grounds.

Because this Court has decided this Motion on improper service grounds, there is no need to consider arguments regarding personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant Mazda Japan's Motion to Dismiss is **GRANTED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

---

[18] *Id.*